In the Matter of ATTICA BROTHERS (KIMATHI MPINGO, Indicted as "EDWARD DINGLE", et al.), Petitioners, *v.* ADDITIONAL SPECIAL AND TRIAL TERM OF THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF ERIE, CARMAN F. BALL, Presiding, Respondent.

In the Matter of ATTICA BROTHERS (BABU BABA BARBATUNJE, Indicted as "MILTON JONES", et al.), Petitioners, *v.* ADDITIONAL SPECIAL AND TRIAL TERM OF THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF ERIE, CARMAN F. BALL, Presiding, et al., Respondents.

In the Matter of ATTICA BROTHERS (RICHARD BILELLO et al.), Petitioners, *v.* ADDITIONAL SPECIAL AND TRIAL TERM OF THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF ERIE, JAMES O. MOORE, INDIVIDUALLY and as JUSTICE, et al., Respondents.

Fourth Department, May 30, 1974.

*Attica Brothers Legal Defense (Michael Deutsch, Heywood Burns, Neal Bush* and *Dennis Cunningham* of counsel), for Edward Dingle and others, petitioners.

*Herbert Blyden,* petitioner in person.

*Frank Smith,* petitioner in person.

*Anthony G. Simonetti, Special Assistant Attorney-General in Charge (Gerald J. Ryan* and *Charles F. Bradley* of counsel), for respondents.

*Per Curiam.* It requires no restatement by us but we are constrained to reaffirm the obvious — that every person is not only entitled to a fair trial but it is also his absolute constitutional right. The hallmark of our jurisprudence is the presumption of innocence which surrounds every person no matter how serious the charge. Inherent in the constitutional concept of a fair trial is the right to adequate representation, to the assistance of an attorney at every stage of the proceeding. We

affirm our profound belief that the ideal of a fair trial has been the great contribution to civilization by our Anglo-American polity. Consonant with this constitutional right is the obligation of the judiciary to follow the precepts of the law as set down by constitutions, statutes and decisions. Useful as article 78 may be as a vehicle in specific situations, it cannot be used here to challenge the determinations before us for review.

CPLR 7801 provides in part that "Except where otherwise provided by law, a proceeding under this article shall not be used to challenge a determination * * *

" 2. which was made in a civil action or criminal matter unless it is an order summarily punishing a contempt committed in the presence of the court."

In *Matter of Bloeth* v. *Marks* (20 A D 2d 372, 375, mot. for lv. to app. den. 15 N Y 2d 481), an article 78 proceeding brought to compel a Justice of the Supreme Court to vacate a ruling made by him marking three indictments off the trial calendar pending the outcome of an appeal from a conviction of petitioner upon a fourth indictment, the court held that " an article 78 proceeding may not be used to review the discretionary act of a court in a criminal case ". (See, also, *Matter of Russell* v. *County Court of Chemung County,* 40 A D 2d 615.) In *Matter of Ward* v. *McQuillan* (40 A D 2d 974) the court stated " an article 78 proceeding may not be employed to review a determination which was made in a criminal matter (CPLR 7801; *Matter of Wilson* v. *Galucci,* 32 A D 2d 784)." In *Matter of Ferraro* v. *Supreme Ct., County of Queens* (36 A D 2d 841) the court reached a similar result and noted that prohibition under article 78 cannot be invoked as a substitute for appeal, stating: " Only where the defendant in a criminal action will be put in double jeopardy will the second prosecution be prohibited [citation omitted], on the ground that one should not be harassed by a second trial on the same charge. Nevertheless, other rulings in the course of a criminal action, even though involving constitutional rights, cannot trigger prohibition [citation omitted]."

In *Matter of Ferraro* the court dismissed the petition brought pursuant to article 78 seeking to restrain further proceedings and direct dismissal of the indictment, concluding that petitioners' real grievance was with the court's ruling on their motion to dismiss an indictment.

This court in *Matter of Finnerty* v. *McDowell* (36 A D 2d 900, 901) stated: " The determining factors in the granting of mandamus against a Judge in a proceeding pending before him are whether the writ directs him to perform an act required

by law or whether it directs him in a matter lying within his discretion. In the case of the former, mandamus will lie; in the case of the latter, it is improper. * * * Further, mandamus is not a proper means to challenge a determination made in a criminal matter [citations omitted]. Moreover, relief in the nature of prohibition would not be a proper remedy since respondent neither did proceed nor is about to proceed without or in excess of his jurisdiction (CPLR 7803, subd. 2); nor would relief in the nature of certiorari be available, since that writ in criminal proceedings has been abolished. (Code Crim. Pro., § 515; 23 Carmody-Wait 2d, New York Practice § 145:23.)''

In *Matter of Butts* v. *Justices of the Court of Special Sessions* (37 A D 2d 607), the court ruled that: '' While mandamus is available in a criminal case where it is sought to compel a public officer to perform an act which he is required to do, such discretionary relief is extraordinary indeed and courts are loath to award such relief, unless a clear case of arbitrary and illegal action, without explanation or excuse, is presented; and that relief is invariably confined to compelling performance of a clerical or ministerial act [citations omitted].''

In *Matter of Lee* v. *County Court of Erie County* (27 N Y 2d 432, 438), cited by petitioners in support of their right to proceed under article 78, the Court of Appeals clearly stated that it adhered '' to the view expressed in prior decisions of this court that the remedy of prohibition is an extraordinary one which is only available in rare cases such as the one at bar ''. The use of this extraordinary remedy is '' limited to cases where a court acts without jurisdiction (see, e.g., *Matter of Hogan* v. *Culkin,* 18 N Y 2d 330, 335–336; *People ex rel. Lemon* v. *Supreme Ct.,* 245 N. Y. 24; *People ex rel. Safford* v. *Surrogate's Ct.,* 229 N. Y. 495)'' (pp. 436–437), or to compel the performance of an act required by law. The court cautioned '' that the writ is an extraordinary remedy which ' does not issue where the grievance can be redressed by ordinary proceedings at law or in equity or merely to prevent error which may be readily corrected on appeal. (*People ex rel. Mayor* v. *Nichols,* 79 N. Y. 582; *People ex rel. Hummel* v. *Trial Term,* 184 N. Y. 30; *People ex rel. Livingston* v. *Wyatt* [186 N. Y. 383], *supra; People ex rel. Childs* v. *Extraordinary Trial Term,* 228 N. Y. 463.) It is not available ordinarily as a method of premature appeal.' '' (p. 437). It cannot be used as a substitute for appeal to challenge a determination made by a court in a criminal matter in the exercise of its discretion as petitioners seek to do here. The petitions should be dismissed.

MARSH, P. J., WITMER, SIMONS, MAHONEY and GOLDMAN, JJ., concur.

Applications unanimously denied and proceedings dismissed, without costs.