*61
 
 Chief Judge Breitel.
 

 The threshold issue on this appeal is whether prohibition or mandamus under CPLR article 78 may lie to undo what may be assumed to be an egregious error of law in a criminal action, and which, for the purposes of the present review, may also be assumed to have been prejudicial to the rights of the People who instituted the special proceeding. If this be a correct statement of the issue it must be resolved in the negative and the judgment rendered ,by the Appellate Division reversed and the People’s petition dismissed.
 

 As part of a series of criminal prosecutions stemming from the prison take-over and its quelling at the State Correctional Facility at Attica, New York, in September, 1971, there is pending in Erie County a criminal action in which two prison inmates are charged with murder. The picking of a trial jury in the action was to have .started early this month. Defendants moved for a direction entitling them to more than 20 peremptory challenges to veniremen in the selecting of a trial jury, the number prescribed by statute (CPL 270.25). After two days of discussion between court and counsel divided by a lapse of one day, the trial court directed that defendants would be entitled to 30 rather than 20 peremptory challenges. It also denied the People an equal number of challenges, that is, an increase of 10 over the 20 prescribed by statute.
 

 During colloquy the People urged that the trial court’s action was without statutory authority and violated precedents under the predecessor statute to the CPL provision which was to the same effect (former Code Crim. Pro., § 373;
 
 People
 
 v.
 
 Anthony,
 
 24 N Y 2d 696, 703;
 
 People
 
 v.
 
 Doran,
 
 246 N. Y. 409, 426). The People stressed that the court’s arrogation of power in the face of the plain meaning of the statute and the applicable precedents would never be reviewable on appeal because of the statutory
 
 *62
 
 limitations on appeals in criminal actions (CPL 450.10
 
 et seq.).
 
 Failing to persuade the trial court the People began this proceeding and succeeded in obtaining a favorable judgment from a divided Appellate Division directing the trial court to adhere to the literal provisions of the applicable statute. Defendants, appellants here, now urge that the special proceeding may not lie and that the trial court’s ruling, if error, which they do not concede, is beyond review.
 

 The division in the Appellate Division was not on the merits of the error charged. Two of the Justices dissented on the sole ground that the proceeding would not lie. The dissenters were correct, this court concludes, and the judgment must be reversed and the petition should be dismissed. The courts may not entertain a collateral proceeding to review an error of law in a pending criminal action, however egregious and however unreviewable, by way of immediate appeal or by appeal after the final judgment of conviction or acquittal, whichever may eventuate.
 

 The applicable principles which determine the result are clear.
 

 The extraordinary remedy either of prohibition or mandamus lies only where there is a clear legal right, and in the case of prohibition only when a court (if a court is involved) acts or threatens to act without jurisdiction in a matter of over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction (see, e.g.,
 
 Proskin
 
 v.
 
 County Ct. of Albany County,
 
 30 N Y 2d 15, 18;
 
 Matter of Lee
 
 v.
 
 County Ct. of Erie County,
 
 27 N Y 2d 432, 436-437;
 
 Matter of Hogan
 
 v.
 
 Culkin,
 
 18 N Y 2d 330, 335-336).
 

 Repeated many times in the precedents, and most recently in
 
 Matter of Roberts
 
 v.
 
 County Ct. of Wyoming County
 
 (34 N Y 2d 246, 248): errors of law, which of course may be verbalized, but incorrectly, as excesses of jurisdiction or power, are not to be confused with a proper basis for using the extraordinary writ. Evidently lending confusion, but inexcusably, is the corollary principle that even if there has been an excess of jurisdiction or power, the extraordinary remedy will not lie if there is available an adequate remedy at law, of which appeal is but one, which may bar the extraordinary remedy
 
 (Proskin
 
 v.
 
 County Ct. of Albany County, supra; Matter of Roberts
 
 v.
 
 County Ct. of Wyoming County, supra).
 
 It is equally clear.
 
 *63
 
 however, that nonreviewability by way of appear alone, does not provide a basis for reviewing error by collateral proceeding in the nature either of prohibition or mandamus (see, contra,
 
 Matter of Roberts
 
 v.
 
 County Ct. of Wyoming County,
 
 39 A D 2d 246, 248, affd. on different grounds 34 N Y 2d 246, 248,
 
 supra).
 

 The reason for the comment last made is simply stated. The right of review by appeal in criminal matters, except in capital cases, is determined exclusively by statute
 
 (People
 
 v.
 
 Zerillo,
 
 200 N. Y. 443, 446). This has always been so and the underlying policy is to limit appellate proliferation in criminal matters, sometimes to the seeming detriment of the defendant and sometimes to the detriment of the People. Litigation may be compounded unduly by protracted and multifarious appeals and collateral proceedings frustrating the speedy determination of disputes. Moreover, the frustration may be accomplished by skillful manipulation of appeals and collateral proceedings by those interested in delay.
 

 The present proceeding is quite illustrative. It arises in one of a series of Attica-related criminal actions, in which there has been a proliferation of direct and collateral proceedings and appeals, none addressed to the merits, white only a token of the prosecutions have gone to trial concluded (see, e.g.,
 
 People
 
 v.
 
 Sekou,
 
 45 A D 2d 982;
 
 Matter of Attica Bros.
 
 v.
 
 Additional Term of Supreme Ct., County of Erie,
 
 45 A D 2d 10;
 
 Matter of Attica Bros.
 
 v.
 
 Additional Special November 1971 Grand Jury,
 
 45 A D 2d 13;
 
 Matter of Goodman
 
 v.
 
 Ball,
 
 45 A D 2d 16;
 
 Matter of Attica Bros.
 
 v.
 
 Ball,
 
 43 A D 2d 790;
 
 Matter of Attica Bros.,
 
 42 A D 2d 919;
 
 People
 
 v.
 
 Hill,
 
 42 A D 2d 679;
 
 People
 
 v.
 
 Bilello,
 
 42 A D 2d 679;
 
 People
 
 v.
 
 Attica Bros.,
 
 79 Misc 2d 492;
 
 People
 
 v.
 
 John,
 
 76 Misc 2d 582;
 
 People
 
 v.
 
 Bennett,
 
 75 Misc 2d 1040).
 

 Were allowance of this kind of proceeding to become a precedent, one woulc( have to anticipate innumerable proceedings in all sorts of criminal matters to review allegedly prejudicial errors of law for which there would be no eventual appellate review or only appellate review.after final judgments, and then only of conviction. No trial can be conducted while appellate courts by their own protracted proceedings review the alleged errors which may arise preliminary to the trial, during the trial, and before verdict and judgment. Such a system is neither
 
 *64
 
 civilized nor even rational. And most certainly it would make speedy trial a legal impossibility.
 

 It would not be fruitful at this time to detail the several categories of excesses of- jurisdiction and power arising in criminal actions, which merit the abrupt intervention of prohibition or mandamus. They always invoke, as for example in the instance of double jeopardy, an unlawful use or abuse of the entire action or proceeding as distinguished from an unlawful procedure or error in the action or proceeding itself related to the proper purpose of the action or proceeding. Similarly, although with a subtle distinction, the
 
 Proskin
 
 case
 
 (supra)
 
 involved a perversion of a criminal action to allow a wholly unauthorized disclosure of an entire extensive Grand Jury investigation of municipal corruption in which the issues related to the pending criminal action were only a small part. In that instance, a criminal action was, without any authority in law, used as a pretext, although limited by a narrow indictment against a particular defendant, to unloose for inspection 867 pages of Grand Jury testimony involving eight defendants and 16 indictments (30 N Y 2d, at p. 19). Not necessary to the result in
 
 Proskin
 
 but relevant to the broad policy determining the interplay of actions and special proceedings arising from them, the review by prohibition of the order of inspection in that case did not delay the criminal action but removed a major impetus to delay in the action and the prosecution of the other 15 indictments.
 

 The inappropriateness of special proceeding in the present case would be even more obvious but for a fortunate happenstance. It has taken only a little over a week, while the trial proceedings are in suspense, for the issue to be raised in the trial court and pass through the Appellate Division and be determined in this court. But the fortunate circumstance has been that both the Appellate Division and this court have been in regular session, and each court required the parties to move with utmost expedition as the courts disrupted their calendars involving other litigation and deliberations to determine the issue. Had the circumstances been-just slightly changed, many weeks might have been devoted to bringing the issue to determination while the trial proceedings.remained in suspense. Once the trial proceedings were resumed, one side or the other might have suggested or provoked a plausible error of law, of “ magnitude ”
 
 *65
 
 in the view of one side or the other, and the roundelay would start all over again. It is not without reason that CPL limits very narrowly appeals from nonfinal or intermediate issues in criminal actions, and even after final judgment limits review of matters to those which seriously affect the substantial rights of the parties, almost exclusively those of the defendant alone if convicted (compare CPL 450.10, 450.15, 450.70 with CPL 450.20, 450.80; see, also, 450.90).
 

 Were the court to conclude otherwise than to reject this unsound and novel extension of the extraordinary ancient remedies of prohibition and mandamus, it might be a credit to man’s ingenuity but a disabling discredit to the jurisprudence.
 

 Accordingly, the judgment of the Appellate Division should be reversed, without costs, and the petition dismissed.
 

 Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Judgment reversed, etc.