■ In the Matter of BIG BLACK, Also Known as FRANK SMITH, Petitioner, v CARMAN F. BALL, as Supervising Judge of the Attica Term of the Supreme Court of Erie County, Respondent.—Application unanimously denied and petition dismissed. Memorandum: Petitioner seeks a writ of prohibition claiming that respondent Justice of the Supreme Court has acted contrary to law in various respects as outlined in the petition. It is well settled that prohibition may be used "to restrain an inferior court from exceeding its authorized powers in a proceeding over which it has jurisdiction" (*Matter of Hogan v Court of General Sessions of County of N. Y.* 296 NY 1, 8; see, also, *Matter of Lee v County Ct. of Erie County,* 27 NY2d 432). It should be noted that the petition contains innumerable conclusory allegations as well as insufficient allegations of fact. The Court of Appeals in *La Rocca v Lane* (37 NY2d 575, 578) stated: "The 'ancient and just' writ of prohibition is rooted deep in the common law. Originally used by the English king to curb the powers of ecclesiastical courts, prohibition has evolved into a basic protection for the individual in his relations with the State (see *Appo v People,* 20 NY 531, 541–542; Wolfram, The 'Ancient and Just' Writ of Prohibition in New York, 52 Col L Rev 334, 338–353; Third Annual Report of N. Y. Judicial Council, 1937, p 137 *et seq.;* see, also, 23 Carmody-Wait, 2d, New York Practice, § 145:216, p 792). It is well settled, and has been restated many times, that prohibition is available both to restrain an unwarranted assumption of jurisdiction and to prevent a court from exceeding its authorized powers in a proceeding over which it has jurisdiction (see, e.g., CPLR 7803, subd 2; *Matter of Nigrone v Murtagh,* 36 NY2d 421, 423–424; *Matter of State of New York v King,* 36 NY2d 59, 62; *Matter of Roberts v County Ct. of Wyoming County,* 34 NY2d 246, 248; *Matter of Proskin v County Ct. of Albany County,* 30 NY2d 15, 18; *Matter of Lee v County Ct. of Erie County,* 27 NY2d 432, 436–437; *Matter of Hogan v. Culkin,* 18 NY2d 330, 336; *Appo v. People,* 20 NY 531, 541, *supra)".* In the *Matter of State of New York v King,* (36 NY2d 59, 62) it was held: "The extraordinary remedy either of prohibition or mandamus lies only where there is a clear legal right, and in the case of prohibition only when a court (if a court is involved) acts or threatens to act without jurisdiction in a matter of *[sic]* over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (citations omitted). The *King* court also stated (P 62): "The extraordinary remedy will not lie if there is available an adequate remedy at law, of which appeal is but one, which may bar the extraordinary remedy" (citations omitted). Many of the allegations of petitioner have been previously disposed of by this court. (See, e.g., *People v Sekou,* 45 AD2d 982; *Matter of Attica Bros. v Additional Special & Trial Term of Supreme Ct. of County of Erie,* 45 AD2d 10; *Matter of Attica Bros. v Additional Special November 1971 Grand Jury,* 45 AD2d 13; *Matter of Goodman v Ball,* 45 AD2d 16; *Matter of Attica Bros. v Ball,* 43 AD2d 790; *Matter of Attica Bros.,* 42 AD2d 919; *People v Hill,* 42 AD2d 679; *People v Bilello,* 42 AD2d 679; *People v Attica Bros.,* 79 Misc 2d 492; *People v John,* 76 Misc 2d 582; *People v Bennett,* 75 Misc 2d 1040.) Petitioner's contention that he is being denied a speedy trial is not properly before us since the petition contains no factual data to support that allegation. (Application for a writ of prohibition.) Present—Marsh, P. J., Moule, Simons, Mahoney and Goldman, JJ.