■ In the Matter of JOSEPH AGNELLO, Petitioner, v LEON N. ARMER, as Acting Justice of the Erie County Supreme Court, et al., Respondents.— Petition unanimously dismissed, without costs. Memorandum: In this article 78 proceeding petitioner seeks a judgment prohibiting respondents, the Hon. Leon N. Armer, Acting Justice of the Supreme Court, now sitting in Erie County, and Charles J. Hynes, as Deputy Attorney-General, from continuing to retain certain books and records seized by them under a search warrant and from using them as a "basis for the issuance of formal criminal charges against petitioner". On December 14, 1976, eight days after the institution of this proceeding by an order to show cause returnable at the January Term of this court, the Grand Jury of Niagara County indicted petitioner on 75 counts as follows: Four counts of grand larceny, second degree; three counts of offering false instruments for filing; 16 counts of forgery, second degree; and 52 counts of criminal possession of a forged instrument, second degree. These charges arise from an investigation by respondent Hynes into alleged unlawful practices by petitioner consisting of falsely and illegally obtaining compensation from the State of New York and its political subdivisions, through the New York State Department of Health in connection with the operation of a nursing home. Petitioner contends that respondent Hynes and his investigators acted without authority and in excess of their authority in obtaining and executing the search warrant under which the books and records were seized, and that the papers in support of the application for the search warrant were too indefinite to establish probable cause for its issuance and its execution. Respondent Hynes cross-moved to dismiss the petition for a writ of prohibition as a matter of law on several grounds, to wit, (1) that this court lacks jurisdiction to entertain the petition because indictments founded on such records are pending in criminal court and there exists the more appropriate remedy of application to the trial court for suppression of the evidence, (2) that respondent Hynes' jurisdiction in this proceeding is established as a matter of law upon the documents herein and (3) that the petition fails to state a cause of action for article 78 relief. Respondent Hynes' cross motion was made returnable on January 10, 1977. By affidavit petitioner's attorney avers that the cross motion was served on January 6, and hence was untimely, and petitioner objects to our consideration of it. Actually petitioner's show cause order was made returnable at the January term, "on a day to be directed", that is, by the clerk of this court, and it was set down for January 17. Thus petitioner actually received the cross motion 11 days before the show cause order (based on the petition to which the cross motion was directed) was in fact returnable before us. The return date in the cross motion was erroneous but that has resulted in no prejudice to petitioner. The objection to our consideration of the cross motion is, therefore, rejected. The State Commissioner of the Department of Social Services and the State Commissioner of Health

requested the Attorney-General to investigate indictable offenses committed in relation to nursing homes, *inter alia,* and pursuant to subdivision 3 of section 63 of the Executive Law the Attorney-General properly initiated the investigation which petitioner herein attacks (see *Matter of L & S Hosp. & Institutional Supplies Co. v Hynes,* 51 AD2d 515, affg 84 Misc 2d 431; CPL 1.20, subds 32, 34, par [g]; CPL 690.05; 690.25; 690.50; Bellacosa, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 1.20, 1976–1977 Supp, p 11). The Attorney-General's assumption of the powers of a District Attorney is proper except in specific situations where statutory provisions impose conditions thereon (see Executive Law, § 70-a, subd 7; *Matter of B. T. Prods. v Barr,* 54 AD2d 315), and no such limitation is found respecting his acts herein. Although the "gravity of the harm" to which petitioner is subjected by the seizure of his books and records is an important consideration on this application for a writ of prohibition *(La Rocca v Lane,* 37 NY2d 575, 579; *Matter of B. T. Prods. v Barr, supra,* p 318), the existence of the remedy of an application to the trial court for a suppression order (CPL 710.20, subd 1; 710.70, subd 1) militates against issuance of the writ in this case *(Matter of Dondi v Jones,* 40 NY2d 8, 13). The writ should not be issued to forestall or reverse an erroneous ruling by the trial court *(La Rocca v Lane, supra,* pp 580–581; *Matter of State of New York v King,* 36 NY2d 59). (Article 78 proceeding in the nature of prohibition to vacate a search warrant and to compel return of certain property of petitioner.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.