◼ In the Matter of DAVID K. GRAHAM, Petitioner, v PAUL I. MILES, as Orleans County Court Judge, et al., Respondents. — Petition unanimously dismissed, without costs. Memorandum: Petitioner commenced this CPLR article 78 proceeding to prohibit respondent, an Orleans County Court Judge, from allowing less than 45 days to file pretrial motions and from holding pretrial conferences prior to pretrial motions. Petitioner contends that respondent's scheduling practices violate CPL 255.20 and section 1590.2 of the Uniform County Court Rules. (22 NYCRR 1590.2.) A writ of prohibition is an extraordinary remedy available in very limited instances and only where there is both a clear legal right and no adequate remedy at law (*Matter of Dondi v Jones,* 40 NY2d 8; *Matter of State of New York v King,* 36 NY2d 59). It lies only when a court acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction (*Matter of State of New York v King, supra; Matter of Proskin v County Ct. of Albany County,* 30 NY2d 15). It is never available merely to correct or prevent trial errors of substantive law or procedure, however grievous (*La Rocca v Lane,* 37 NY2d 575, cert den 424 US 968). The writ may issue in the sound discretion of the court (*La Rocca v Lane, supra; Rossettie v Finnerty,* 85 AD2d 928). Petitioner contends that the trial court's scheduling of pretrial motions and conferences is in violation of the statutory mandate. A similar claim, involving the number of pre-emptory challenges granted by the trial court in violation of CPL 270.25 was raised in *Matter of State of New York v King (supra).* In *King,* the Court of Appeals held that article 78 relief was unavailable. Furthermore, unlike *King* wherein the People had no recourse by way of appeal, petitioner merely claims that the appellate route after conviction is a less effective remedy (see *Matter of Legal Aid Soc. of Sullivan County v Scheinman,* 53 NY2d 12). Petitioner has failed to demonstrate a clear legal right and no adequate remedy at law and, therefore, article 78 relief is unavailable to him. (Article 78.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.