■ In the Matter of ROBERT M. MORGENTHAU, as District Attorney of New York County, Petitioner, v GEORGE ROBERTS et al., Respondents. — Petition seeking vacatur of an order of the Supreme Court, Criminal Term, New York County (George Roberts, J.), entered on April 5, 1984, dismissing a complaint without leave to renew, is granted, the order vacated and the complaint reinstated, without costs or disbursements.

Petitioner, Manhattan District Attorney, brings this CPLR article 78 proceeding for a writ of prohibition against respondent and defendant Reggie Jones due to respondent's dismissal of the District Attorney's complaint against Jones. Jones had been arrested when police officers allegedly observed him stealing a checkbook from the shoulder bag of a passenger on a bus.

Jones, at his request, had testified before a Grand Jury, which had then asked to hear the testimony of the second police officer (the first having already testified). The officer, vacationing outside of the United States, would not return until after the expiration of the Grand Jury's term and they were so informed. The Assistant District Attorney, presenting the matter as the Grand Jury's legal advisor, told them that their term could be extended until the officer returned, or the case could be withdrawn and presented to another Grand Jury. Upon being asked whether the Grand Jury could simply vote, the Assistant District Attorney advised against it, pending the second officer's testimony. The Grand Jury then voted to have the case withdrawn and resubmitted to another Grand Jury.

The respondent Jones moved to have the complaint dismissed, claiming that the Assistant District Attorney's advice had improperly interfered with the Grand Jury. Judge Roberts granted the motion and dismissed the complaint without leave to renew, indicating that the Assistant District Attorney's action adversely affected the integrity of the Grand Jury.

Had respondent Roberts dismissed an indictment against Jones, there could be no writ of prohibition, the Justice having the power to dismiss under CPL 210.35 and 210.20 (subd 1, par [c]). However, the People would have been able to appeal, pursuant to CPL 450.20 (subd 1). A writ of prohibition does not

issue "where the grievance can be redressed by ordinary proceedings at law or in equity" (*Matter of Dondi v Jones,* 40 NY2d 8, 14).

As the dismissal of a complaint may not be appealed, the grievance cannot be redressed by ordinary legal or equitable proceedings. Thus, that bar to granting a writ of prohibition is removed. While the fact that the alleged error would not be reviewed on appeal is not enough to justify invoking article 78 (*Matter of State of New York v King,* 36 NY2d 59, 62-63), in the instant case, there is not simply an error of law, but the exercise of a power not possessed.

It is proper to use the writ of prohibition "when a [court] 'acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction' ". (*Matter of Dondi v Jones,* 40 NY2d, at p 13, quoting *Matter of State of New York v King,* 36 NY2d, at p 62.)

In the case at bar, the court clearly had jurisdiction, but it exceeded that jurisdiction by dismissing the complaint with prejudice. The only statutory support for that action postulated by the respondent deals with the dismissal of indictments (CPL 210.20) and does not justify dismissing the felony complaint. Concur — Kupferman, J. P., Ross, Carro, Lynch and Kassal, JJ.