OPINION OF THE COURT
Kenneth D. Molloy, J.
In this CPLR article 78 proceeding, petitioner seeks an order of prohibition restraining the Judges of the Nassau County District Court from proceeding with a pending criminal action. Petitioner here asserts that the accusatory instrument is invalid as it is based on statements which were signed by witnesses under the age of 12. The underlying facts are as follows. Petitioner is accused of sexually abusing a young female in the presence of another young female. On February 26, 1984, both females, who were under 12 years of age, signed supporting depositions stating what had occurred. On February 27,1984, a Nassau County police officer swore to an information charging petitioner with one count of sexual abuse in the second degree, Penal Law § 130.60 (2), a class A misdemeanor. On the same day, petitioner was given a desk appearance ticket, wherein he was instructed to appear in the Nassau County District Court on April 7, 1984, to answer a charge of sexual abuse in the second degree. The petitioner was arraigned on the misdemeanor information and supporting depositions on April 9,1984, wherein he pleaded not guilty.
*796 In support of his position, petitioner argues that an infant under 12 years of age is presumably not competent to be sworn, and that since the supporting depositions are by infants, the accusatory instrument is invalid. Petitioner further argues that as a result of the invalidity of the accusatory instrument, the District Court lacked jurisdiction to consider this and demands an order of prohibition restraining the Judges of the District Court from further proceedings.
Prior to seeking the instant relief, petitioner by way of an omnibus motion sought to have the accusatory instrument dismissed for insufficiency. Judge Joseph of the District Court granted partial relief on this point stating: “That an evidentiary hearing shall be held immediately prior to trial in order to determine whether or not the alleged victim and the witness, both of whom are under the age of twelve, are capable of understanding the nature of an oath, or in the alternative, possess sufficient intelligence and capacity to justify the reception thereof, within the ambit of CPL 60.20 subd. 2.”
On November 20, 1984, a pretrial hearing was held wherein the court found that the complainant could give sworn testimony.
The threshold question in this proceeding is whether the State Supreme Court has jurisdiction to address the issues raised by the petitioner. An article 78 proceeding in the nature of prohibition is available to restrain a body or officer from proceeding without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction (CPLR 7803 [2]; La Rocca v Lane, 37 NY2d 575, cert denied 424 US 968; Matter of State of New York v King, 36 NY2d 59). The writ must be directed to an inferior judicial tribunal or officer and will issue only where the petitioner has established a clear legal right to it (Matter of Morgenthau v Erlbaum, 59 NY2d 143, cert denied 464 US 993, 104 S Ct 486; Matter of Forte v Supreme Ct. of State of N. Y., 48 NY2d 179; Matter of Dondi v Jones, 40 NY2d 8; Matter of State of New York v King, supra; Matter of Kaney v New York State Civ. Serv. Commn., 190 Misc 944, 951, affd 273 App Div 1054, affd 298 NY 707; 23 Carmody-Wait 2d, NY Prac § 145:215, at 788; see, Comment, The Writ of Prohibition in New York — Attempt to Circumscribe an Elusive Concept, 50 St. John’s L Rev 76, 84; accord, Matter of Jaffe v Scheinman, 47 NY2d 188, 192-193; Matter of B. T. Prods. v Barr, 44 NY2d 226, 231-232; Matter of Steingut v Gold, 42 NY2d 311, 315-316). The extraordinary remedy of prohibition lies only where there is a clear legal right *797 and while it is available to review issues of jurisdiction, it is never available merely to correct errors of substantive law or procedure (La Rocca v Lane, supra; Matter of State of New York v King, supra).
While it is clear that prohibition does not lie to correct errors of law, the distinction between an excess or abuse of jurisdiction and error of law is not always so clear. Clear-cut definitions have not been set forth by the appellate courts and as stated by Judge Breitel in the case of La Rocca v Lane: “[T]he absence of bright lines of demarcation in the law is not unusual; man’s language and capacity to conceptualize is not perfect * * * The law generally and the extraordinary remedy of prohibition has not developed as a linguistic exercise but as a response in language and concept to the recognized needs and accommodations in a society governed by the rule of law.” (37 NY2d, at pp 580-581.)
In order to determine whether the claims asserted rise to the level of an excess or abuse of jurisdiction rather than an error of law, an analysis of the jurisdictional underpinnings of the District Court must be examined. The District Court acquires subject matter jurisdiction of the trial of a criminal action by the filing of an accusatory instrument (CPL 100.05). The accusatory instruments utilized in local criminal courts are defined in CPL 100.10. The accusatory instrument filed in the instant case, a misdemeanor information, is defined in subdivision (1) of the statute as follows: “An ‘information’ is a verified written accusation by a person, filed with a local criminal court, charging one or more other persons with the commission of one or more offenses, none of which is a felony. It may serve as a basis both for the commencement of a criminal action and for the prosecution thereof in a local criminal court.”
The form and content of an accusatory instrument is set forth in CPL 100.15. This section mandates that an information must (1) charge an offense or offenses and (2) recite evidentiary facts, sworn to by the complainant, supporting or tending to support the charge. Subdivision (3) of said section highlights the two distinct components of the accusatory instrument, the accusatory part and the factual part (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.15, p 25).
The sufficiency requirements of the instrument are set forth in CPL 100.40. Said section provides in relevant part:
“1. An information, or a count thereof, is sufficient on its face when:
*798 “(a) It substantially conforms to the requirements prescribed in section 100.15; and
“(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
“(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
The purpose of an accusatory instrument is to apprise the defendant of the nature of the charge against him and to provide a court with sufficient legal evidence to furnish a reasonable ground for believing that a crime has been committed. As such, it is a nonwaivable jurisdictional prerequisite that an accusatory instrument state the offense with which the defendant is charged and the particular facts establishing each and every element of that offense (People v Hall, 48 NY2d 927; People v McGuire, 5 NY2d 523). The factual part must be supported by nonhearsay allegations establishing every element of the offense. The purpose of the requirement of nonhearsay allegations is to “deter” the bringing of useless prosecutions by demanding that the criminal proceedings be supported by the sanction of an oath' and subject to the penalty of peijury if willfully false (People v Jeffries, 19 NY2d 564, 567). While the factual part must be supported by nonhearsay statements, insufficiency in the factual part alone as opposed to a failure to allege every material element of the issue is not a jurisdictional defect (People v Iannone, 45 NY2d 589; People v Brous, 296 NY 1028; People v Grosunor, 109 Misc 2d 663).
Petitioner herein does not argue that the information fails to allege every material element of the crime or that the quantum of facts alleged do not permit a finding of reasonable cause. This court finds that the issue raised by the petitioner regarding the competency of the victim and witness does not present an issue relating to an excess or abuse of jurisdiction. Petitioner’s characterization of such, therefore, is misplaced.
There being a proper exercise of jurisdiction by Judge Joseph of the District Court, review by way of an article 78 proceeding does not lie. To hold otherwise would be to expand the jurisdiction of this court and sanction innumerable proceedings seeking review of the actions of District Court Judges. A result would be the ultimate demise of the speedy trial as no trial can be *799 conducted while a court sits in review of alleged errors which arise prior to a final verdict. This court declines such an invitation to expand its own jurisdiction. Accordingly, the petition is dismissed. It is further directed that the court file of this special proceeding is to remained sealed pending the final disposition of the District Court action.