(November 4, 1985)

■ In the Matter of WILLIAM F. BONEZ, Petitioner, v JOHN G. DIER, as Justice of the Supreme Court of the State of New York, et al., Respondents.—Proceeding, pursuant to CPLR article 78, for judgment in the nature of prohibition and mandamus, dismissed, without costs. Petitioner's service of the notice of petition and petition by mail upon respondents was insufficient to confer jurisdiction over them (CPLR 403 [c]). In addition, CPLR 7804 (c) requires that the notice of petition must also be served upon the Attorney-General. It is also noted that the extraordinary remedy of prohibition does not lie if there is available an adequate remedy at law (Matter of State of New York v King, 36 NY2d 59, 62). Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

■ In the Matter of WILLIAM F. BONEZ, Petitioner, v EDMUND L. SHEA, as Supreme Court Justice of the State of New York, et al., Respondents.—Proceeding, pursuant to CPLR article 78, for judgment in the nature of prohibition and mandamus, dismissed, without costs. Petitioner's service of the notice of petition and petition by mail upon respondents was insufficient to confer jurisdiction over them (CPLR 403 [c]). In addition, CPLR 7804 (c) requires that the notice of petition must also be served upon the Attorney-General. It is also noted that the extraordinary remedy of prohibition does not lie if there is available an adequate remedy at law (Matter of State of New York v King, 36 NY2d 59, 62). Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. C. JAMES LOMBARDI, JR., Petitioner, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.— Application, pursuant to CPLR 7002 (b) (2) for writ of habeas