Bellacosa, J.
(dissenting). I would affirm the Appellate Division’s denial of prohibition. The extraordinary writ does not lie and should not discretionarily issue in the first instance from this court, even if it did lie.
Former Chief Judge Charles D. Breitel warned in his unanimous opinion in Matter of State of New York v King (36 NY2d 59, 65): "Were the court to conclude otherwise than to reject this unsound and novel extension of the extraordinary ancient remedies of prohibition and mandamus, it might be a credit to man’s ingenuity but a disabling discredit to the jurisprudence.” His prophecy has come to pass. The majority’s holding remakes the writ of prohibition into a quite ordinary implement for interference in the fair and neutral adjudication of criminal prosecutions. Functionally, it substitutes the prosecutor, already a very powerful official and one of the partisan litigants, for the Trial Justice as the person in charge of the progress of a case in court, in part, under the guise of the separation of branches doctrine.
This is a fairly simple theft case in which the victim has for all practical purposes disappeared. After 10 adjournments to both the People and the defense, the Trial Justice gave one more adjournment to the People because the complaining victim/witness was unavailable. The court granted the People four more weeks and specifically ordered them to produce the victim in this one-witness case "for trial on the adjourned date”. The parties appeared on the scheduled calendar date but the People failed to produce the complaining witness. The Assistant District Attorney stated that he was unaware of the witness’s specific whereabouts in Iran, that his office had not contacted the witness since the last appearance date, and he offered no assurance of producing the witness in the future. The Trial Justice then took concededly appropriate and lawful action, denying the People another adjournment. The next natural consequence, dismissal of the case, is what now lies at the heart of our diverging views of the correct decision in this case.
The Assistant District Attorney objected to the dismissal asserting, despite his inability to proceed as previously ordered, that the court was acting for calendar control purposes. Trial Justice Goldman explicitly responded that "[t]he purpose of this dismissal has nothing to do with calendar control”, but that it was based upon the People’s failure to produce the complaining witness despite being ordered and given a reason *577 able opportunity to do so; the absence of even a “scintilla of information concerning the complaining witness’ whereabouts”; the defendant’s perfect record of attendance on each adjourned date; and, most importantly, after refusing a further adjournment based upon basic equity and an exercise of discretion, the People’s failure to proceed with the trial. Justice Goldman subsequently executed an order dismissing the case under CPL 290.10 based upon the People’s failure to establish a legally sufficient case. For the majority to render the trial court impotent in the face of this defiant prosecutorial challenge to the court’s directives in its effort to secure defendant’s rights is wrong; to arm that prosecutor with the weapon of prohibition magnifies the affront.
The People argue that the trial court’s dismissal is susceptible to prohibition. A majority of this court, agreeing with the prosecution, overrules as a matter of law the sound and separate discretion respectively exercised by the Trial Justice and by the Appellate Division. People v Douglass (60 NY2d 194), a set of cases barring wholesale dismissals of cases for openly declared calendar management purposes on a direct appeal track to this court, is the cornerstone of the majority holding. Apart from its evident procedural and substantive distinctions of a fundamental nature, that very case correspondingly held “that trial courts are vested with substantial power to control their calendars and our opinion today should not be read as holding, for example, that a court is obligated to grant every adjournment requested by a prosecutor simply because statutory or constitutional time limitations have not expired” (supra, at 200). Douglass itself therefore cogently refutes the assertion that all a trial court may do, when stymied by a prosecutor, is to shelve the defendant on something called a reserve calendar — a procedure itself nowhere defined or authorized in New York’s Criminal Procedure Law provisions. Unlike People v Douglass (60 NY2d 194, supra), in the present case the court exercised an express statutory power (whether correctly or incorrectly is irrelevant to the “power” fulcrum of prohibition) to dismiss the indictment (CPL 290.10).
The anomaly of the majority’s reliance on People v Douglass (supra) is that it saps that critical part of Douglass which expressly reserves to trial courts the power to really rule on adjournments within the usual discretionary standards, reserved to an independent judicial officer (see, Balogh v H.R.B. Caterers, 88 AD2d 136, 141-144 [Titone, J.]). The result of the *578 majority’s holding, despite what it tries to say to the contrary, will give new meaning to the decision on a prosecutor’s application announced by a trial court, "Adjournment denied”. In the well of a trial courtroom, that announcement will be met at the very least by diffidence and then by departure from the courtroom. Nothing could be more vain or contrary to the announced decision especially in the light of fair forewarning and opportunity to prepare which had been given to the People. If the trial court tries to do anything meaningful about this disturbing denouement to its ruling, the District Attorney will simply go to the Appellate Division which, now also stripped of its supervisory discretion by the holding here, must grant the now-routinized writ of prohibition. This holding unsettles the long-standing "extraordinary” and "discretionary” components of the prohibition remedy.
This is not only the first time that the Douglass precedent has been extended into the prohibition area, but it also directly contradicts the only other existing circumstance where this court considered that precise question — the availability and application of article 78 to Douglass-like problems (Matter of Morgenthau v Gold, 69 NY2d 735, revg 117 AD2d 386). There, the court unanimously rejected the availability of such relief to the prosecutor on the ground of no clear legal right.
The trial court did not exceed either its jurisdiction or authorized power even if we accept only arguendo that it may have erred in the application of CPL 290.10 (Matter of Rush v Mordue, 68 NY2d 348, 353; Matter of Dondi v Jones, 40 NY2d 8, 13; La Rocca v Lane, 37 NY2d 575, 578-579; Matter of State of New York v King, 36 NY2d 59, 62, supra). Jurisdiction includes the power to err (Fauntleroy v Lum, 210 US 230, 237 [Holmes, J.]; Matter of Farmland Dairies v Barber, 65 NY2d 51, 55).
This case is not what prohibition, up to now, has been all about. "A writ of prohibition may be obtained only when a clear legal right of a petitioner is threatened by a body or officer acting in a judicial or quasi-judicial capacity” (Matter of Morgenthau v Erlbaum, 59 NY2d 143, 147 [emphasis supplied]), and "is never available merely to correct or prevent trial errors of substantive law or procedure, however grievous” (La Rocca v Lane, 37 NY2d 575, 579, supra). "Even in those rare circumstances where an arrogation of power [this case does not nearly qualify for that ranking] would justify *579 burdening the judicial process with collateral intervention and summary correction, the writ of prohibition nonetheless does not issue as of right, but only in the sound discretion of the court” (Matter of Rush v Mordue, 68 NY2d 348, 354, supra [emphasis supplied]).
The precedents firmly support Justice Goldman’s trial discretion, exercised in an evenhanded way towards both parties. Thus, his conceded power to deny the People’s additional request for an adjournment, having previously set the case down for trial, clearly and necessarily included the power to effectuate his earlier order to proceed with the trial. We just recently restated, against an asserted right-to-counsel interest of a defendant, that "[determinations regarding questions of the timely and proper trial of a case are squarely within the power and jurisdiction of the trial court” (Matter of Lipari v Owens, 70 NY2d 731, 733 [emphasis added]). By denying prohibition to defendants in such circumstances and now by mandating its issuance here to prosecutors, the majority surely seem to be applying a double standard (see also, Matter of Jacobs v Altman, 69 NY2d 733, 735 [prohibition not available to defendant to review unauthorized interim probation supervision]).
The District Attorney, in effect, argues nevertheless that the trial court had "options” other than ordering the case to trial and dismissing for failure in that regard. Thus it is argued, and a majority of this court agrees, the court exceeded its "power” by ordering the case to trial. The proffered alternatives include putting the case on a so-called reserve docket, or directing the People again to become ready for trial, or again to take specific steps to locate the complainant and then perhaps to hold the Assistant District Attorney in contempt for failure to comply with these instructions. But all these options bespeak discretion, not competence to rule. Prohibition does not run against discretion but pursuant to discretion.
The majority even implies that an interest of justice dismissal would lie as a remedy for what transpired here and would probably be upheld based on the record in this case. That being so, the District Attorney should not prevail in a prohibition setting.
The majority also unfairly criticizes the trial court for "precipitous” and "arbitrary” conduct. Based on the record before us, the trial court gave fair notice and ample time and opportunity to the prosecutor to get ready for a case expressly *580 set down "for trial”. The prosecutor sat on that notice and opportunity.
"Adjournment”, after all, simply means postponement or to put off to another day. Prior to this decision, an adjournment was not permitted for an unavailable witness unless the requesting party showed "diligence and good faith” in trying to acquire the witness’s attendance (People v Foy, 32 NY2d 473, 478; see also, People v Jackson, 111 NY 362, 367). The majority opinion converts adjournments into mandatory ministerial acts requiring Trial Justices to tack on further repeated delays in criminal cases. If the trial court should boldly and neutrally exercise the unique judicial function of denying the adjournment (a power expressly reserved to it by People v Douglass, 60 NY2d 194, supra), then the District Attorney prevails anyway over the prejudiced party, the defendant, and over the court because the case must nevertheless be postponed or put off to another day. This is surely ironical.
Accordingly, I vote to affirm.
Judges Kaye, Alexander, Hancock, Jr., and Dillon* concur with Judge Simons; Judge Bellacosa dissents and votes to affirm in a separate opinion in which Chief Judge Wachtler concurs.
Judgment reversed, without costs, and petition granted.

 Designated pursuant to NY Constitution, article VI, § 2.