■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY E., Appellant.—Adjudication unanimously affirmed. Memorandum: Upon an understanding reached at a pretrial conference prior to defendant's entry of a plea of guilty to robbery in the first degree, County Court agreed to defer sentencing for three months and to place defendant in a program of "interim probation". The court advised defendant that, if he abided by the terms of his interim probation, he would be granted youthful offender status and would be sentenced to five years' probation. Subsequently, the court determined that defendant failed to comply with the conditions and sentenced him as a youthful offender to a term of 1⅓ to 4 years at a Department of Youth facility.

We reject defendant's argument that he was illegally sentenced because the interim probation program is not expressly authorized by statute and because he was not afforded an evidentiary hearing to dispute the allegations of the interim probation progress report. There can be no doubt that the court had authority over this action and the issuance of orders relating to its disposition *(see, Matter of Jacobs v Altman,* 69 NY2d 733). The imposition of a fair and just sentence in a criminal case presents a most difficult and troublesome chal-

lenge to the sentencing Judge. "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" *(People v Farrar,* 52 NY2d 302, 305).

There is no rule of law, nor should there be one, that restrains a court, in the exercise of its grave responsibility, from imposing conditions upon the conduct of a defendant who is permitted to be unincarcerated while he awaits sentence after his guilt has been determined. While it appears that the interim probation program is not expressly authorized by law, the Probation Department, nevertheless, is required to include in its presentence report "any matter the court directs to be included" (CPL 390.30 [1]; *see also,* 9 NYCRR 350.7 [a]). That the Department complied with the court's directive provides no basis for disturbing the sentence imposed upon defendant.

Additionally, the court did not err in declining to conduct an evidentiary hearing to enable defendant to dispute the allegations contained in the interim probation progress report. At sentencing, defendant was given a full opportunity to refute those aggravating factors which negatively influenced the court *(see, People v Perry,* 36 NY2d 114, 119). The sentence imposed by the court is, in all respects, proper. (Appeal from adjudication of Onondaga County Court, Mulroy, J.—youthful offender.) Present—Dillon, P. J., Boomer, Pine, Davis and Lowery, JJ.