■ In the Matter of RODNEY MOORE, Petitioner, v THOMAS V. MALLON et al, Respondents.—Proceeding pursuant to CPLR article 78 in the nature of prohibition to bar the retrial of the petitioner under Suffolk County Indictment No. 1133/87 on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged —acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman, 71 NY2d 564, 569). The petitioner is challenging in this proceeding the validity of an evidentiary ruling concerning the admissibility of certain evidence which he believes the People will seek to introduce at his retrial for murder in the second degree (see, Penal Law § 125.25 [2]). He alleges that the introduction of that evidence will violate his right not to be placed twice in jeopardy for the same offense. However, prohibition is not generally available to review an alleged error of law in a pending criminal action (see, Matter of Jacobs v Altman, 69 NY2d 733, 735). Since the petitioner has failed to establish a clear legal right to the relief requested, the proceeding must be dismissed. Rosenblatt, J. P., Lawrence, O'Brien and Ritter, JJ., concur.