■ In the Matter of SUSAN M. ARCURI, Petitioner, v PATRICK L. KIRK, as Herkimer County Court Judge, et al.,

Respondents. [647 NYS2d 644] —Petition unanimously dismissed without costs. Memorandum: Petitioner in this CPLR article 78 proceeding seeks a judgment prohibiting respondents from proceeding to trial on counts one and three of Herkimer County indictment No. 96-33. She asserts that a writ of prohibition should be granted because Herkimer County Court lacks geographic jurisdiction over those counts (*see generally, Matter of Steingut v Gold,* 42 NY2d 311). Petitioner does not challenge count five of the indictment, which alleges that petitioner sold drugs in Herkimer County on January 23, 1996.

Petitioner was charged in a Herkimer County indictment with the crimes of criminal sale of a controlled substance in the first degree, committed on January 30, 1996 (count one), and criminal sale of a controlled substance in the second degree, committed on January 24, 1996 (count three). Both counts allege that defendant sold cocaine in the Village of Herkimer. In their bill of particulars, the People allege with respect to those counts that petitioner facilitated and acted as the accomplice to sales between the codefendant and a third party in the Village of Herkimer. The record indicates that, while in Oneida County, petitioner provided the codefendant with the cocaine that he had agreed to sell to the third party and that petitioner knew that the cocaine was to be resold in Herkimer County.

A writ of prohibition is an extraordinary remedy that will be granted "only where there is a clear legal right" and when a court "acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (*Matter of State of New York v King,* 36 NY2d 59, 62). Moreover, even if a court acts in excess of jurisdiction or power, prohibition will not lie if there exists an adequate remedy at law, including an appeal (*Matter of State of New York v King, supra,* at 62).

Petitioner has failed to establish a clear legal right to entitle her to a writ of prohibition. CPL 20.40 (1) (a) endows a county with geographic jurisdiction to prosecute an offense where an element of the crime charged is committed within the county. Because the sales or agreements to sell cocaine set forth in counts one and three of the indictment are alleged to have occurred in Herkimer County, respondents at least arguably have geographic jurisdiction over those offenses pursuant to CPL 20.40 (1) (a) (*see, People v Pilgrim,* 67 AD2d 554, 555, *affd* 52 NY2d 730).

The record also supports the conclusion that respondents

have geographic jurisdiction pursuant to CPL 20.40 (2) (c). That subdivision endows a county with jurisdiction where the conduct constituting the offense did not occur there but "[s]uch conduct had, or was likely to have, a particular effect upon such county or a political subdivision or part thereof, and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein". Here, petitioner's conduct had a "particular effect" on Herkimer County and, because petitioner provided the cocaine with the knowledge that it would be resold in Herkimer County, her conduct was performed with the intent or knowledge that it was likely to have that effect (CPL 20.40 [2] [c]). In any event, factual issues concerning whether a county has geographic jurisdiction over an offense should be determined by the trier of fact (*see, People v Ribowsky*, 77 NY2d 284; *People v Sosnik*, 77 NY2d 858) and that determination reviewed by way of an appeal rather than by a writ of prohibition (*see, Matter of State of New York v King, supra*, at 63).

Finally, petitioner is not entitled to a writ of prohibition because she does not seek to abort the entire action, but rather seeks only to prohibit respondents from proceeding on two counts of the indictment (*see, Matter of State of New York v King, supra*, at 64). Consequently, we dismiss the petition. (Original Proceeding Pursuant to CPLR art 78.) Present— Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.