■ In the Matter of ERIC A. RODERICK, Petitioner, v EUGENE L. NICANDRI, as St. Lawrence County Judge, et al., Respondents. [661 NYS2d 57] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from trying petitioner on an indictment charging him with tampering with public records in the second degree (five counts) and offering a false instrument for filing in the second degree (five counts).

Petitioner was charged in an indictment alleging that he falsely noted on taxidermy reports and his biweekly activity report, which were offered for filing in Jefferson County, that he contacted four taxidermists for the purpose of accurately calculating the actual total of black bears killed in the area. After the return of the indictment in St. Lawrence County, petitioner moved to have it dismissed on the ground that, *inter alia*, St. Lawrence County lacked geographic jurisdiction to prosecute petitioner.* Supreme Court, after an in camera review of the Grand Jury minutes, denied dismissal of charges. This CPLR article 78 proceeding seeking prohibition enjoining respondents from prosecuting defendant in St. Lawrence County was commenced.

---

* Supreme Court dismissed the five counts of tampering with public records and, therefore, they are not part of this proceeding.

Testimony presented to the Grand Jury that petitioner was required to maintain his office as an environmental conservation officer at his residence, located in the Town of Rossie, St. Lawrence County, was sufficient to give jurisdiction to St. Lawrence County. A person may be prosecuted for offering a false instrument for filing in any county in which it was executed in whole or in part (see, CPL 20.40 [4] [k] [i]). Though reports were filed in the City of Watertown, located in Jefferson County, the Grand Jury could reasonably infer that the false entries in the reports were executed in petitioner's home office. Thus, a sufficient nexus was made to establish geographical jurisdiction in St. Lawrence County (see, CPL 20.40 [4] [k] [i]; see also, Matter of Sanchez v Orgera, 221 AD2d 641).

Petitioner has failed to establish a clear right to a writ of prohibition. In the final analysis, geographical jurisdiction is a question of fact to be resolved by the trier of fact and ultimately may be reviewed by an appeal (see, Matter of Arcuri v Kirk, 231 AD2d 962).

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the petition is dismissed, without costs.