OPINION OF THE COURT
Michael D. Stallman, J.
Respondent, Comptroller of the City of New York, cross-moves to dismiss this CPLR article 78 proceeding for failure to state a cause of action.
In this article 78 proceeding in the nature of mandamus, petitioner, president of Local 94, the collective bargaining representative for New York City public school custodial workers, seeks to compel respondent Comptroller to conduct an investigation under Labor Law § 230 et seq. of prevailing wage complaints filed on behalf of certain unionized custodial workers (custodian-helpers). Petitioner requests that the court direct respondent to pay “prevailing wages” and associated benefits. Petitioner claims that such union members are paid below the prevailing wage rates paid to comparable workers in the same trade and occupation and other Local 94 members employed by private companies to do building service work in public schools. The subject workers are hired by school custodian-engineers to do custodial and building maintenance work. The system is thus referred to as the “indirect system” of custodial operation. The subject workers are employed subject to the terms and conditions, including the wage structure, of a collective bargaining agreement (CBA) between their bargaining agent, petitioner Local 94, and the bargaining agent of the civil service school custodian-engineers (Local 891). (CBA, exhibit 2 to respondent’s cross motion.)
In 2009, certain Local 94 custodian-helpers filed complaints with the Comptroller alleging violation of the Prevailing Wage Law (Labor Law, art 9, § 230 et seq.). On July 22, 2010, the Comptroller advised the complainants by mail that the complaints had been closed due to a lack of jurisdiction over those complaints, because the complainants were not covered building service employees under Labor Law article 9, essentially because the school custodian-engineers are not contractors, and because neither the custodian-engineers nor the custodian-helpers perform work under city contracts.
*982 The Prevailing Wage Law is intended to prevent private contractors from paying their building service employees less than the “prevailing rates” set annually by the Comptroller for work to be done on city contracts.
Even when viewed in a light most favorable to the petitioner, the petition fails to state a cause of action for mandamus. Pleaded as mandamus to compel an investigation and direct payment, the petition must be dismissed because mandamus to compel does not lie in these circumstances. Mandamus to compel lies only under extraordinary circumstances, where the petitioner shows a “clear legal right” to compel the relief sought, such as where a public officer illegally refused to perform a non-discretionary act required by law. (See Matter of State of New York v King, 36 NY2d 59 [1975].) Here, petitioner has not demonstrated such a clear legal right. Even if the petition were construed broadly to plead mandamus to review the Comptroller’s administrative closure and determination that he lacked jurisdiction, the petition does not plead a cognizable claim. Petitioner has not shown that the Comptroller acted arbitrarily or capriciously or contrary to law, because the petition does not show that the subject workers are covered by the Prevailing Wage Law.
The cross motion presents solely issues of law, to wit, the legal sufficiency of the petition and the applicability of Labor Law article 9 to the unionized custodian-helpers on whose behalf the petition is brought.
Labor Law § 230 (4) provides: “ ‘Contractor’ means any employer who employs employees to perform building service work under a contract with a public agency and shall include any of the contractor’s subcontractors.” (Emphasis added.)
Labor Law § 230 (1) provides, in pertinent part:
“ ‘Building service employee’ or ‘employee’ means any person performing work in connection with the care or maintenance of an existing building . . . for a contractor under a contract with a public agency which is in excess of one thousand five hundred dollars and the principal purpose of which is to furnish services through the use of building service employees.” (Emphasis added.)
Public school custodian-engineers are civil service city employees; they are not private contractors who must apply or bid under city law in order to contract with the City. The CBA is not a city contract, as the term is commonly understood, i.e., a *983 contract for the provision of goods or services by a private contractor doing business with the City. (See New York State Teamsters Conference Pension & Retirement Fund v United Parcel Serv., Inc., 198 F Supp 2d 188 [ND NY 2002].) This is the context in which the Prevailing Wage Law was adopted, and in which its use of the words “[contractor” and “contract” (Labor Law § 230 [4]) and “[b]uilding service employee” or “employee” (Labor Law § 230 [1]) must be understood. It is implicit in the wording of the statute itself. (See e.g. emphasized language as quoted above.) It is also explicit in the legislative history. (See Bill Jacket, L 1971, ch 777 [Prevailing Wage Law] [exhibit 1 to respondent’s notice of cross motion].) The bill jacket includes a memorandum of endorsement by the New York State AFL-CIO, the state umbrella for all AFL-CIO unions of which petitioner is a part. The memorandum reflects the commonly-held understanding of the purpose of the law and its applicability, including the understanding of the organized labor movement.
“This bill extends the ‘prevailing wage’ provisions of the Labor Law to service workers employed by government contractors . . .
“Service contracts — awarded to businesses providing janitorial, laundry, cafeteria and similar services for government — have had a history, because of their exclusion from prevailing wage requirements, of being awarded to contractors with the lowest wage and working condition standards.” (Id. at 27 [emphasis added].)
The other memoranda in the bill jacket, whether from the legislative or executive branches, local governments or business groups, whether in favor or opposed, reflect the same understanding of the law’s purpose and the meaning of the terms “contractor” and “contract.”
Petitioner’s contention, in its essence, is that the CBA is a contract with contractors (the custodian-engineers) under the Prevailing Wage Law.
Petitioner’s overexpansive, out of context reading of these terms is contrary to both the contextual meaning and well-understood purpose of the law. Indeed, were the court to adopt petitioner’s suggestion, article 9 would have to be applied to every public employee, whether unionized or not, irrespective of whether the worker’s wages are defined by CBA, statute, civil service classification or budget line. Just as every CBA is a *984 contract, every employment relationship is contractual, and every employer who hires could arguably be considered a contractor. Petitioner’s imaginative argument is specious, because it ignores the contextually clear and well-understood scope of the statute. Moreover, petitioner’s position seeks to trump the CBA which Local 94 itself negotiated and agreed to on behalf of its members, including the complainants before the Comptroller. Petitioner’s position would thus undermine both the statute and the collective bargaining process.
Conclusion
Accordingly, it is hereby ordered that respondent’s motion is granted; and it is ordered and adjudged that the petition is denied and the proceeding dismissed.