In the Matter of ASSOCIATED PRESS et al., Petitioners, v HOWARD E. BELL, Individually, and as a Justice of the Supreme Court of the State of New York, County of New York, et al., Respondents.

First Department, May 13, 1987

### APPEARANCES OF COUNSEL

*David A. Schulz* and *Daniel F. Primer* of counsel *(David A. Thurm* and *Marjorie Thalheimer Coleman* with them on the brief; *Rogers & Wells,* attorneys), for The Associated Press and others, petitioners.

*Devereux Chatillon* of counsel *(Floyd Abrams, Dean Ringel, Craig A. Newman* and *Seth Goodchild* with him on the brief; *Cahill Gordon & Reindel,* attorneys), for National Broadcasting Company and others, petitioners.

*Ronald E. Guttman* and *Douglas P. Jacobs* for CBS Inc., petitioner.

*Jack T. Litman* and *Roger L. Stavis* of counsel *(Litman, Asche, Lupkin & Gioiella,* attorneys), for Robert Chambers, defendant in the underlying action.

*Frederic L. Lieberman* of counsel *(Robert Abrams, Attorney-General),* for respondent.

*Linda A. Fairstein* of counsel *(Robert M. Morgenthau, District Attorney,* attorney), for People of the State of New York, plaintiff in the underlying action.

### OPINION OF THE COURT

Per Curiam.

Petitioners, who are newspapers, the Associated Press and local television stations, have brought this CPLR article 78 proceeding seeking to enjoin respondent Justice of the Supreme Court from conducting closed pretrial proceedings in the criminal action before us. The People also urge reversal and an opening of these hearings to the public. Defendant seeks closure, arguing that publicity with respect to evidence which may in the end be suppressed will violate his Sixth Amendment rights to a fair trial.

We find that the order of the Supreme Court, which excluded the public and press from a pretrial suppression hearing relating to the admissibility of videotaped and written statements made by defendant after his arrest, violated the rights guaranteed to the petitioners and the public by the First and Fifth Amendments to the US Constitution and article I, § 8 of the NY Constitution.

Absent an overriding interest articulated in specific findings, the trial of a criminal case must be open to the public *(Richmond Newspapers v Virginia,* 448 US 555, 581). Although the press and public do not have an absolute right of access in criminal trials, the burden is upon the movant, here the defendant, to establish justification for denying such access *(Globe Newspaper Co. v Superior Ct.,* 457 US 596, 606, 607; *see also,* discussion in *People v Venters,* 124 AD2d 57). This First Amendment right of access applies to voir dire of the jury even though that, of course, is not part of the trial itself *(Press Enter. Co. v Superior Ct.,* 464 US 501 *[Press Enter. I]),* as well as to suppression hearings *(Waller v Georgia,* 467 US 39, 46).

The defendant here seeks closure of the suppression hearing on the ground that he wishes to prevent public disclosure of possibly tainted evidence. Yet, in *Press Enter. Co. v Superior Ct.* (478 US —, 106 S Ct 2735 *[Press Enter. II]),* the court recognized that the right of access encompassed preliminary hearings including exclusionary motions. There, the Supreme Court noted that a preliminary hearing may be closed upon motion by defendant only if specific findings are made demonstrating that first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's pretrial rights *(supra,* at —, at 2743).

It is clear to us from this short review that Criminal Term improperly relied on the Court of Appeals decision in *Matter of Gannett Co. v De Pasquale* (43 NY2d 370, *affd* 443 US 368) as adopting a per se rule that *all* suppression hearings must be closed to the public and press. Defendant did not set forth specific facts on the record establishing that there was a substantial probability that his right to a fair trial would be prejudiced by publicity that closure would prevent and that reasonable alternatives to closure would not adequately protect his pretrial rights *(Press Enter. Co. v Superior Ct. [Press Enter. II], supra).* Defendant simply claimed, generally, that "details" would come out at the hearing which were not previously known. No showing was made of the potential prejudicial effect of such "details".

*Gannett (supra)* held that the courts have the power to exclude the public from pretrial suppression hearings at the point where media commentary on those hearings would threaten the impaneling of a constitutionally impartial jury

*(Matter of Gannett Co. v De Pasquale, supra,* at 380). However, it appears that the defendant, through his counsel, has made detailed statements to the public and press disclosing most, if not all, of the information he now seeks to keep secret. Indeed, this record discloses that defendant, in his own pretrial motions, has made the matters he now seeks to suppress freely available to the media. Defendant, by his own conduct, has undercut the position on which he now relies. If our ruling in this matter discourages the Bar from trying cases in the pressroom instead of the courtroom, it is a consequence which does not cause us dismay.

Accordingly, the application by petitioners for an order pursuant to CPLR article 78, vacating the order of the Supreme Court, New York County (Howard E. Bell, J.), entered May 8, 1987, which granted a motion by defendant and excluded all members of the public and press from a pretrial hearing in the criminal action entitled *"People v Chambers"*, indictment No. 6394/86, should be granted, on the law and facts, and the order of the Supreme Court vacated.

A stay of the hearing pending determination was issued by this court. We stay the effect of our order for 24 hours to permit respondent to seek leave to appeal to the Court of Appeals if he be so advised.

CARRO, J. P., ASCH, ROSENBERGER, ELLERIN and WALLACH, JJ., concur.

Applications by petitioners pursuant to CPLR article 78 in the nature of a writ seeking an order vacating a closure order of the Supreme Court, New York County, in an action presently pending in the Supreme Court, New York County, entitled *People v Chambers* and for other related relief unanimously granted, on the law and the facts, and the aforesaid order of closure is vacated. The stay heretofore granted by this court is continued for a period of 24 hours to permit respondent, if so advised, to seek leave to appeal to the Court of Appeals.