In the Matter of NEW YORK TIMES COMPANY et al., Petitioners, v HOWARD E. BELL et al., as Justices of the Supreme Court, New York County, et al., Respondents.

First Department, January 21, 1988

## · APPEARANCES OF COUNSEL

*George Freeman, Kenneth A. Richieri* and *Deborah R. Linfield* of counsel, for New York Times Company and others, petitioners.

*Slade R. Metcalf* and *Mark H. Jackson* of counsel *(Squadron, Ellenoff, Plesent & Lehrer,* attorneys), for New York Broadcasters Courtroom Pool, petitioner.

*Howard L. Zwickel* and *Frederic L. Lieberman* of counsel *(Robert Abrams, Attorney-General,* attorney), for Howard E. Bell and another, respondents.

*Roger L. Stavis* and *Jack T. Litman* of counsel *(Litman, Asche, Lupkin & Gioiella,* attorneys), for Robert Chambers, respondent.

*Mark Dwyer* and *Marc Frazier Scholl* of counsel *(Robert M. Morgenthau, District Attorney),* for People of the State of New York.

## OPINION OF THE COURT

KASSAL, J.

The threshold issue before this court is whether CPLR article 78 provides for review by the Appellate Division of the orders of the presiding Trial Justice and the Administrative Justice denying audio-visual coverage of a criminal case.

Petitioners are a group of media entities who filed applications, pursuant to newly enacted Judiciary Law § 218 and its implementing court rules 22 NYCRR part 131, effective December 1, 1987 through May 31, 1989, for permission to utilize cameras and recording devices in the courtroom during the course of the trial proceedings in the criminal case, *People v Robert Chambers.* The subject of the trial, which commenced on January 4, 1988, is the homicide of 18-year-old Jennifer Levin in Central Park on August 26, 1986. Extensive and continuous media coverage has attended these proceedings since the discovery of the victim's body and has greatly intensified in the controversy generated by the defense that the death was accidentally caused during "rough sex".

Following a consolidated hearing held by respondent Justice Bell on December 10, 1987, during which the District Attorney and defense counsel both opposed petitioners' applications, the same were denied on December 21, 1987 and review was sought from the Administrative Judge, respondent Justice

McQuillan, pursuant to Judiciary Law § 218 (3) (c) and 22 NYCRR 131.5. Justice McQuillan, in a 16-page decision, dated December 29, 1987, found no abuse of discretion on the part of the presiding Trial Justice and upheld the denial. Petitioners now seek review before this court pursuant to CPLR article 78.

In enacting Judiciary Law § 218, the Legislature authorized and defined an 18-month program for audio-visual coverage of judicial proceedings, on an experimental basis, with the goal of "enhanc[ing] public understanding of the judicial system", in order to maintain "a high level of public confidence in the judiciary". (L 1987, ch 113, § 1.) Recognizing, however, that not all proceedings are appropriate for audio-visual coverage and that the presiding Trial Justice is in the best position to determine which are, the Legislature specified that "[p]ermission for news media coverage shall be at the discretion of the presiding trial judge." (Judiciary Law § 218 [3] [c].) The Legislature then provided a mechanism by which parties aggrieved by the Trial Justice's ruling could obtain relief: "Such order or determination for initial access shall be subject to review by the appropriate administrative judge." (Judiciary Law § 218 [3] [c].)

Having exhausted the review process provided by statute, petitioners bring this article 78 proceeding, invoking the common-law writ of mandamus to review under CPLR 7803 (3). As applied to administrative rulings, a mandamus to review examines "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7803:4, at 332). While petitioners claim the denial of permission to provide audio-visual coverage was an abuse of discretion, this court must initially address the question of whether the orders challenged are part of the criminal proceeding or whether, as petitioners urge, they are collateral civil or administrative determinations.

Under the express terms of Judiciary Law § 218 (3) (c) and the court rules (22 NYCRR 131.5 [a]) Justice Bell's order denying camera coverage has become part of the record in the criminal case of *People v Robert Chambers*. It is an inescapable conclusion, therefore, that this order must be deemed one made in the course of a criminal proceeding. With respect to the order of Justice McQuillan, it necessarily derives from,

makes reference to, reviews and upholds the determination of Justice Bell. We find no basis in law or logic for excising the Administrative Judge's order from the criminal proceeding and converting it into a collateral civil or administrative ruling. To the extent that our colleagues in the Second Department have held otherwise *(see, Matter of Ladone v Lerner,* 135 AD2d 535), we respectfully disagree.

As applied to nonadministrative proceedings, i.e., in civil or criminal cases, mandamus may be employed "to compel any body or officer, including a judicial officer, to perform a duty which the law specifically requires him to perform" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:4, at 31), or where such body or officer "acts or threatens to act without jurisdiction in a matter of *[sic]* over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction". *(Matter of State of New York v King,* 36 NY2d 59, 62.) Thus, in a criminal case such as this, article 78 relief is an "extraordinary remedy" which "lies only where there is a clear legal right" inuring to petitioner, or where the court threatens to act in excess of jurisdiction *(supra,* at 62).

No such circumstances are present here, where the respondent Trial Judge is expressly accorded broad authority under Judiciary Law § 218 and 22 NYCRR part 131 to deny, in his sound discretion, audio-visual coverage in the criminal trial over which he presides. Thus, it may not be said that petitioners have a clear right to provide such coverage or that the Trial Judge has a duty to permit it. *(Cf., Matter of Associated Press v Bell,* 128 AD2d 59, *affd* 70 NY2d 32 [closure of courtroom to public and press during pretrial hearing held, in review pursuant to CPLR article 78, to violate petitioners' First Amendment rights].)

In finding the orders below nonreviewable under CPLR article 78, we take particular note that the Legislature considered the necessity for a review process in Judiciary Law § 218 and expressly provided one. Moreover, the Legislature did not, as it clearly has in drafting innumerable other statutes, specify that further appellate review was to be obtained pursuant to article 78. *(See, e.g.,* Judiciary Law § 752.) We find this omission significant, particularly in light of the limited duration and the pilot nature of the subject legislation. Indeed, the statutory review accorded petitioners is carefully delineated and limited to the initial access determination, and

no review by the Administrative Justice is authorized for "any other orders or decisions of the presiding trial judge relating to such coverage". (22 NYCRR 131.5 [d].)

For all of the above reasons, we hold that petitioners' application is nonreviewable under CPLR article 78 and this court is without jurisdiction to entertain their claims. Were we to reach the merits in this proceeding, we would, in any event, find no abuse of discretion on the part of the Trial Judge or in the review by the Administrative Judge, since all the areas of concern and the factors enumerated in 22 NYCRR 131.4 (c), were carefully considered and determined.

Accordingly, the proceeding pursuant to CPLR article 78 seeking review of an order, Supreme Court, New York County (Bell, J.), dated December 21, 1987, denying petitioners' application to permit audio-visual coverage in the trial of the *People v Robert Chambers,* and the order of the Administrative Judge of said court (McQuillan, J.), dated December 29, 1987, upholding aforesaid denial, is dismissed, on the law, and the cross motions of defendant, Robert Chambers, to be named party respondent and to dismiss the petition, are granted, without costs.

KUPFERMAN, J. P. (dissenting in part). If I were to reach the issue of abuse of discretion, still photographs on a *limited* basis should have been allowed. They are less intrusive than sketches which have long been permitted, and they would accord with the criteria postulated by Trial Judge Bell and Administrative Judge McQuillan.

SULLIVAN, ELLERIN and SMITH, JJ., concur with KASSAL, J.; KUPFERMAN, J. P., dissents in part in an opinion.

Proceeding pursuant to CPLR article 78 seeking review of orders issued by respondents Justices Bell and McQuillan, on December 21 and December 29, 1987, respectively, which denied petitioners' application for any and all audio-visual coverage in an action entitled *People v Robert Chambers,* is dismissed; cross motion by defendant Chambers to be added to said proceeding as a respondent, granted; and cross motions by respondents to dismiss the proceeding, granted.