(September 27, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RODRIGUEZ, Also Known as TAMAYO RODRIGUEZ, Appellant. — Judgment of the Supreme Court, New York County (Linakis, J.), rendered September 29, 1983 upon a jury verdict convicting defendant of promoting prostitution in the third degree, unanimously reversed, on the law and the facts, and the case is remanded for a new trial.

Defendant was indicted for promoting prostitution in the third degree (Penal Law, § 230.25). On this appeal he contends that it was error for the trial court to refuse to charge promoting prostitution in the fourth degree (Penal Law, § 230.20) as a lesser included offense. Defendant argues that the evidence only showed him to be the doorman, and that promoting prostitution in the fourth degree, defined as "knowingly advanc[ing] or profit[ing] from prostitution", sufficiently covers or reasonably describes the evidence of his actions. Thus, he concludes he was entitled to have the alternate, lesser included offense of promoting prostitution in the fourth degree presented to the jury. The trial court denied defendant's request on the ground that there was no such reasonable view of the evidence.

If requested, a lesser included offense must be charged "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater." (CPL 300.50, subd 1; *People v Scarborough,* 49 NY2d 364.) That "reasonable view" is enhanced by the rule that in determining the requirements of the charge the court must view the evidence in the light most favorable to the defendant.

Here, both crimes involve advancing or profiting from prostitution. The greater offense of promoting prostitution in the third degree (felony), however, requires specific conduct (i.e., "managing, supervising, controlling"). The defendant points to the absence of proof that he personally discussed price with anyone, that he owned or leased the premises, or that keys or money were recovered from him. Defendant contends that all the People proved was that he was the doorman.

We are of the belief that while a prima facie case of the felony may have been made out, there exists a reasonable view that the defendant committed the lesser included offense. Accordingly, the failure to charge promoting prostitution in the fourth degree was error and the defendant is entitled to a new trial. Concur — Sandler, J. P., Sullivan, Carro, Bloom and Kassal, JJ.