As the People concede with commendable candor, the trial court erred in failing to submit to the jury the lesser count of promoting prostitution in the fourth degree (Penal Law § 230.20), which makes it a class A misdemeanor when a person "knowingly advances or profits from prostitution."

After a review of the record, we are persuaded that the evidence was insufficient to establish that the defendant managed, supervised, controlled or owned the house of prostitution in question. The evidence is persuasive that the defendant acted on the day in question as a "steerer". The single circumstance that he requested part of the proceeds received by a prostitute from a customer whom he brought to the house, considered in light of the totality of the evidence, seems to us inadequate to establish the managerial or controlling role required by the section under which he was convicted. Even if the testimony were deemed legally sufficient to present that issue to the jury, we have concluded from the facts, taken as a whole, that the jury's determination was against the weight of the evidence.

We are informed that the defendant has served in excess of the maximum one-year sentence that would be legally available under a conviction for the lesser count. Rather than reverse defendant's conviction and dismiss the indictment without prejudice to a resubmission of the lesser charge to the Grand Jury, we have been requested by defense counsel, in light of the time already served by the defendant, to reduce his conviction to promoting prostitution in the fourth degree and sentence the defendant to the time he has already served.

Under the circumstances presented, and in light of defendant's consent to this procedure, we believe this disposition to be an appropriate one. Concur — Sandler, J. P., Asch, Fein and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REUBEN JOHNSON, Also Known as RUEBEN JOHNSON, Appellant.

Concur — Murphy, P. J., Carro, Bloom, Milonas and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL BYRD, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Murphy, P. J., Carro, Bloom, Milonas and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS FERNANDEZ, Also Known as COLAS FERNANDEZ, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Murphy, P. J., Carro, Bloom, Milonas and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HENRY, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Murphy, P.J., Carro, Bloom, Milonas and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE KUTSCHERENKO, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Sandler, J. P., Ross, Asch, Fein and Kassal, JJ.

(April 18,1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN GADSDEN, Appellant.