■ In the Matter of RICHARD W. BROWN, Petitioner, v JOHN DOYLE, as Justice of the Supreme Court of County of Monroe, Respondent.—Petition unanimously dismissed without costs. Memorandum: Petitioner seeks a writ of prohibition disqualifying respondent, a Supreme Court Justice, from sitting as Judge or as the trier of fact on petitioner's posttrial motion, pursuant to CPL 440.10, to vacate the judgment entered against him in a criminal action. Petitioner seeks to disqualify respondent, who presided over petitioner's criminal trial, because respondent "has previously exhibited a propen-

sity for prejudice against him" and because petitioner intends to call respondent as a witness at any hearing held on his CPL article 440 motion.

"[T]he extraordinary remedy of prohibition lies only where there is a clear legal right, and only when a court (if a court is involved) acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction *(Matter of Steingut v Gold,* 42 NY2d 311, 315; *Matter of Dondi v Jones,* 40 NY2d 8, 13; *La Rocca v Lane,* 37 NY2d 575, 578-579; *Matter of State of New York v King,* 36 NY2d 59, 62; *Matter of Proskin v County Ct.,* 30 NY2d 15, 18; *Matter of Lee v County Ct.,* 27 NY2d 432, 436-437)" *(Matter of Rush v Mordue,* 68 NY2d 348, 352-353). Under the circumstances of this case, the writ of prohibition does not lie.

Moreover, the petition alleges no basis for the disqualification of the Justice pursuant to Judiciary Law § 14 *(see, Matter of Katz v Denzer,* 70 AD2d 548, 549). Petitioner only asserts a claim of alleged actual bias of the Trial Justice. With respect to that claim, "the judge himself is the sole arbiter" *(People v Patrick,* 183 NY 52, 54; *see also, People v Moreno,* 70 NY2d 403, 405-406). "Even if actual bias or prejudice is shown, it would not be grounds for disqualification but would only be reviewable on appeal on a showing that it had unjustly affected the result" *(Matter of Katz v Denzer, supra,* at 549). (Original art 78 proceeding.) Present—Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.