■ The People of the State of New York, Respondent, v James Yon, Appellant. [754 NYS2d 128] —Appeal from a judgment of Wayne County Court (Keenan, J.), entered October 16, 2001, convicting defendant after a jury trial of, inter alia, criminal sale of a controlled substance in the third degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by reversing that part convicting defendant of conspiracy in the fourth degree, vacating the sentence imposed thereon, and dismissing count seven of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of three counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and one count each of conspiracy in the fourth degree (§ 105.10 [1]) and petit larceny

(§ 155.25). Defendant contends that he was deprived of the opportunity to testify before the grand jury and thus that reversal is required. We reject that contention. While incarcerated, on January 2, 2001 defendant received a letter from the District Attorney dated December 20, 2000, notifying defendant of the grand jury proceedings on January 9, 2001 and of his right to testify before the grand jury pursuant to CPL 190.50. Defendant's written request to testify, dated January 4, 2001 and placed by a correction officer in intercounty mail, was not received by the District Attorney until January 10, 2001, one day after the indictment was filed. Defendant's request to testify before the grand jury therefore was untimely pursuant to CPL 190.50 (5) (a) because it was not served prior to the filing of the indictment, "a requirement that is strictly enforced" (*People v Madsen*, 254 AD2d 152, 153, *lv denied* 92 NY2d 1035; *see People v Clay*, 248 AD2d 180, *lv denied* 92 NY2d 849, 852; *People v Crisp*, 246 AD2d 84, 86, *lv dismissed* 93 NY2d 898; *see also People v Washington*, 284 AD2d 220, *lv denied* 96 NY2d 925).

Defendant further contends that County Court erred in failing to charge the jury with respect to the agency defense for the first drug transaction on October 20, 2000. Defense counsel specifically stated that he did not want an agency charge for that transaction, and thus defendant has waived that contention (*see generally People v Matta*, 286 AD2d 944, 945, *lv denied* 97 NY2d 731). In addition, criminal possession of a controlled substance in the seventh degree is not a lesser included offense of criminal sale of a controlled substance in the third degree (*see People v Young*, 249 AD2d 576, 578-579, *lv denied* 92 NY2d 906, 908), and thus the court properly refused defendant's request to charge that crime as a lesser included offense of those counts. We also conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495) and that the sentence is neither unduly harsh nor severe.

Defendant's contention that the court erred in failing to dismiss the conspiracy count because there was no evidence of an agreement between defendant and the undercover officer to achieve a common goal is not preserved for our review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19). Nevertheless, we exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). A person is guilty of conspiracy in the fourth degree when, with intent that conduct constituting a class B or class C felony be performed, he or she agrees with one or more persons to engage in or cause the performance of such conduct (*see* Penal Law

§ 105.10 [1]). The underlying felony charged in the conspiracy count herein was criminal sale of a controlled substance in the third degree and, during trial, the People specified that the alleged coconspirator was the undercover officer who purchased the drugs. We therefore agree with defendant that the People failed to establish that defendant formed an agreement with the undercover officer to sell cocaine; the undercover officer agreed only to purchase cocaine, not to sell it. Thus, we modify the judgment by reversing that part convicting defendant of conspiracy in the fourth degree, vacating the sentence imposed thereon, and dismissing count seven of the indictment.

Defendant's remaining contention is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, lacks merit. Present—Hayes, J.P., Wisner, Hurlbutt, Scudder and Gorski, JJ.