■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY CARTER, Also Known as KNOTTY, Appellant. [812 NYS2d 580]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered December 19, 2003, convicting him of promoting prostitution in the third degree (three counts) and conspiracy in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the defendant's convictions of promoting prostitution in the third degree under counts 8 and 10 of the indictment, and his conviction of conspiracy in the fifth degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The evidence was legally insufficient to support the defendant's convictions of promoting prostitution alleged to have been committed on July 12, 2001 and August 9, 2001. Viewed in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), the evidence only established that on August 9, 2001 the defendant was in the vicinity of two alleged prostitutes. Moreover, there was no proof as to the defendant's activities on July 12, 2001. The evidence was insufficient to prove that the defendant "[a]dvance[d] or profit[ted] from prostitution by managing, supervising, controlling or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more prostitutes" (Penal Law § 230.25 [1]; *see People v Land,* 10 AD3d 369 [2004]; *People v Davilla,* 110 AD2d 545 [1985]).

The evidence also was insufficient to support the conviction of conspiracy in the fifth degree as alleged in count 11 of the indictment (*see People v Giordano,* 211 AD2d 814, 816 [1995]). Viewed in the light most favorable to the prosecution, the direct evidence only showed that during the relevant time period, the conduct underlying any agreement between the defendant and any of the women constituted the crime of prostitution (*see* Penal Law § 230.00), which is a class B misdemeanor. Thus, the evidence was legally insufficient to support a conviction of conspiracy in the fifth degree as alleged in the indictment, which requires that the object crime of the conspiracy be a felony (*see* Penal Law § 105.05 [1]; *People v Yon,* 300 AD2d 1127, 1128-1129 [2002]; *cf. People v Quero,* 306 AD2d 35 [2003]).

The defendant's remaining contentions are without merit. Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.