[858 NE2d 1136, 825 NYS2d 431]

In the Matter of SIDNEY OGLESBY, as Onondaga County Commissioner of Jurors, et al., Respondents, v LANGSTON C. McKINNEY, as Syracuse City Court Judge, Appellant, and REGINALD BRADWELL, Respondent.

Argued October 10, 2006; decided November 16, 2006

## POINTS OF COUNSEL

*Costello, Cooney & Fearon, PLLC,* Syracuse (*Samuel C. Young* of counsel), and *Trevett Cristo Salzer & Andolina P.C.,* Rochester (*James C. Gocker* and *Daniel P. DeBolt* of counsel), for appellant. I. The Appellate Division improperly converted the CPLR article 78 proceeding into a declaratory judgment action. (*Matter of State of New York v King,* 36 NY2d 59; *Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 464 US 993; *Matter of Greenberg v Turner,* 127 AD2d 909; *Matter of Merola v Bernheim,* 121 AD2d 895; *Matter of Morgenthau v Roberts,* 65 NY2d 749; *Matter of Burros v Village of Dansville,* 242 AD2d 935; *Kraham v Mathews,* 305 AD2d 746; *Matter of Jacobs v Altman,* 69 NY2d 733; *Krieger v Krieger,* 25 NY2d 364; *Matter of Hearst Corp. v Clyne,* 50 NY2d 707.) II. The Appellate Division erred in holding that, upon the facts before Judge McKinney in the underlying criminal case, Judiciary Law § 500 did not require a jury panel drawn from qualified jurors residing solely in the city of Syracuse for a Syracuse City Court criminal trial. (*Duncan v Louisiana,* 391 US 145; *Taylor v Louisiana,* 419 US 522; *Thiel v Southern Pacific Co.,* 328 US 217; *Peters v Kiff,* 407 US 493; *Smith v Texas,* 311 US 128; *People v Guzman,* 60 NY2d 403, 466 US 951; *Comiskey v Arlen,* 43 NY2d 696; *Matter of Peters v New York City Hous. Auth.,* 307 NY 519; *People v Blanchard,* 279 AD2d 808; *People v McFadden,* 244 AD2d 887.)

*William J. Fitzpatrick, District Attorney,* Syracuse (*Victoria M. White* and *James P. Maxwell* of counsel), and *Sidney Oglesby,* respondents pro se. I. The question of the propriety of CPLR article 78 relief is moot, but declaratory relief would now be proper in this case. (*Morgenthau v Erlbaum,* 59 NY2d 143; *Matter of Rush v Mordue,* 68 NY2d 348; *Matter of State of New York v King,* 36 NY2d 59; *Matter of Schumer v Holtzman,* 60 NY2d 46; *Matter of Molea v Marasco,* 64 NY2d 718; *People v Evans,* 94 NY2d 499; *People v Finnegan,* 85 NY2d 53; *Matter of Dondi v Jones,* 40 NY2d 8; *La Rocca v Lane,* 37 NY2d 575; *People v Kern,* 75 NY2d 638.) II. Neither CPL 360.15 nor Judiciary Law § 500 permits a local criminal court to order a county commissioner of jurors to cull city residents from a county-wide jury pool for exclusive service in a city court. (*People v Guzman,* 60 NY2d 403; *People v Mateo,* 175 Misc 2d 192; *Taylor v Louisiana,* 419 US 522; *United States v Flynn,* 106 F Supp 966; *People v Dunn,* 157 NY 528; *United States v Rioux,* 930 F Supp 1558; *People v Shedrick,* 66 NY2d 1015; *People v Henderson,* 128 Misc 2d 360; *Matter of Sesto v Mielke,* 28 Misc 2d 228; *People v Levandowski,* 190 Misc 2d 738.)

*Michael Colodner,* New York City, *John Eiseman* and *Shawn Kerby* for Office of Court Administration, amicus curiae. A petit jury to serve in Syracuse City Court that is selected at random from a fair cross-section of Onondaga county residents comports with the Judiciary Law.

## OPINION OF THE COURT

R.S. Smith, J.

We hold that jurors for a criminal trial in a City Court may be selected from the residents of the county in which the city is located, including those who are not city residents.

### Facts and Procedural History

Reginald Bradwell was prosecuted in Syracuse City Court for theft of services and resisting arrest. Bradwell moved before trial to strike the jury panel on the ground that, though all panel members were Onondaga county residents, many were not residents of the city of Syracuse. City Court Judge Langston McKinney granted Bradwell's motion, and directed the County Commissioner of Jurors, Sidney Oglesby, to supply a new panel composed entirely of city residents. The main issue we decide here is whether Judge McKinney's ruling was correct.

The issue arises in a complicated procedural setting. No statute permits an appeal by the People from an order granting a defendant's motion to strike a jury panel (*see* CPL 450.20 [listing cases where appeal by the People is authorized]). Commissioner Oglesby and the Onondaga County District Attorney therefore sought review of Judge McKinney's order in a CPLR article 78 proceeding in the nature of prohibition against Judge McKinney and Bradwell. Supreme Court granted the article 78 petition and prohibited Judge McKinney from enforcing his order. The Appellate Division modified Supreme Court's ruling, holding that prohibition was an inappropriate remedy, and dismissing the proceeding as against Bradwell. The Appellate Division held, however, that a declaratory remedy was appropriate, and converted the proceeding to a declaratory judgment action. Agreeing with Supreme Court on the merits, the Appellate Division declared "that Judiciary Law § 500 does not mandate that a county commissioner of jurors provide a defendant in a criminal action in city court with a panel of prospective jurors comprised solely of residents of the city" (28 AD3d 153, 160 [4th Dept 2006]). We now affirm.

### Discussion

### I

██ The Appellate Division correctly held that the issue presented here is properly raised not in an article 78 proceeding, but in a declaratory judgment action.

A writ of prohibition against a judge may be issued "only when a court . . . acts or threatens to act without jurisdiction in a matter of . . . which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (*Matter of State of New York v King*, 36 NY2d 59, 62 [1975]). Prohibition cannot be used merely to correct errors of law, "however egregious and however unreviewable" (*id.*). Here, Judge McKinney had jurisdiction over the criminal proceeding against Bradwell, and did not exceed his authorized powers by striking the jury panel, or by directing Commissioner Oglesby to submit a new panel composed of city residents. A judge presiding at a criminal trial clearly has the power to strike a panel if he finds it to be unlawfully selected, and when he does so it is not an abuse of his authority to direct that a lawfully-selected panel be furnished (*see* CPL 270.10 [2]). Thus Judge McKinney's order gave no ground for issuing the extraordinary writ of prohibition.

It is appropriate, however, to resolve the dispute over the correctness of Judge McKinney's order by a declaratory judgment. Lawsuits against judges should not be common, but there are times, of which this is one, where they are necessary to resolve important issues that could otherwise never reach an appellate court (*Matter of Morgenthau v Erlbaum*, 59 NY2d 143 [1983]). Judge McKinney has decided that criminal juries in City Courts must be composed of city residents only; it is clear that he will apply that ruling not only in Bradwell's case, but in future cases, and thus the ruling will have "an obvious effect extending far beyond the matter pending" (*id.* at 152). If the ruling is wrong (as we decide below it is), Commissioner Oglesby and the District Attorney should not be barred from asking other courts to correct the error. We therefore affirm the conversion of the article 78 proceeding to a declaratory judgment action, and proceed to the merits.

### II

The controlling statute is Judiciary Law § 500, which provides in relevant part:

"It is the policy of this state that all litigants in the courts of this state entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community *in the county or other governmental subdivision* wherein the court convenes" (emphasis added).

While section 500 clearly does not command that all juries be selected county-wide, it seems to imply that selection from the county will be the norm, to which exceptions are possible. The same inference can be drawn from other statutes that affect the selection of jurors. Judiciary Law § 502 (a) establishes the office of Commissioner of Jurors "for each county in the state" except counties in New York City, where the duties of a commissioner of jurors are performed by the county clerks. Judiciary Law § 506 requires the Commissioner of Jurors to "cause the names of prospective jurors to be selected at random from . . . lists of the residents of the county." Judiciary Law § 510 (1) provides that to qualify as a juror a person must be "a citizen of the United States, and a resident of the county." And Judiciary Law § 520 provides that trial jurors may serve "in any term or part of the same court . . . or in any other court in the same county." We conclude from these statutes that it is ordinarily permissible for a Commissioner of Jurors to select jurors county-wide, where no statute or regulation provides otherwise (*cf. People v Shedrick*, 66 NY2d 1015 [1985] [Judiciary Law provisions did not invalidate jury districts within a county that had been created pursuant to earlier legislation]).

There are statutes and regulations that call for selection of jurors other than on a county-wide basis, but none of them is applicable to this case. A regulation of the Office of Court Administration provides for lists of Town and Village Court jurors "who reside within the geographical jurisdiction of such court, or within such geographical area from which the court is authorized by law to summon jurors" (22 NYCRR 128.7 [a]). Flexibility is thus given to Town and Village Courts, which may be located far from urban areas; jurors in such courts may be spared the necessity of traveling from all over the county to the town or village. Flexibility is also given by Uniform Justice Court Act § 1306, which provides that Village Court jurors may be empaneled "from the list of jurors used in the town court of the town in which the village is situated." But neither the Legislature nor OCA has provided for City Court jurors to be empaneled from lists of city residents. City Courts are often lo-

cated (as the Syracuse City Court is) near courts of county-wide jurisdiction, and it has apparently been found convenient for them to draw on the same county-wide lists of jurors.

■ Commissioner Oglesby was therefore violating no law or regulation when he furnished a panel drawn from the county as a whole for a City Court trial. And we find no merit in the suggestion that his procedure violated Bradwell's constitutional right to a "jury drawn from a fair cross section of the community" (*Taylor v Louisiana*, 419 US 522, 527 [1975]). We know of no authority, and none has been cited to us, suggesting that the "community" from which a jury is selected must be identical to the area over which the court has jurisdiction. Nor do logic or fairness support such a constitutional requirement. Indeed, that requirement would sometimes produce less fairness, assuming fairness consists in having cases tried by jurors who live near the defendant. It is undisputed that felony cases in Onondaga county, including those brought against Syracuse residents, are properly tried in County Court before jurors selected county-wide. If all City Court jurors had to be Syracuse residents, the likely result would be to divert some Syracuse jurors from felony trials to misdemeanor trials in City Court—to the disappointment of those Syracuse defendants in felony cases who would prefer jurors from their home town.

Accordingly, the order of the Appellate Division should be affirmed without costs.

Judges CIPARICK, ROSENBLATT, GRAFFEO and READ concur; Chief Judge KAYE and Judge PIGOTT taking no part.

Order affirmed, without costs.