■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NORMAN BARABASH and DOUGLAS ALLEN, Respondents. [828 NYS2d 122]—

Appeal by the People from an order of the County Court, Dutchess County (Hayes, J.), dated January 11, 2006, which granted those branches of the defendants' respective omnibus motions which were to dismiss the indictment charging them with promoting prostitution in the third degree and promoting prostitution in the fourth degree.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' respective omnibus motions which were to dismiss the second count of the indictment charging them with promoting prostitution in the fourth degree, and substituting therefor a provision denying those branches of the omnibus motions; as so modified, the order is affirmed and the second count of the indictment is reinstated.

The defendants operated Big Apple Oriental Tours, a tourism business in New York that provided trips to the Philippines and procured "tour guides" to take customers to locations where women were available to have sex for money. The "tour guides" were also responsible for providing instruction to the customers as to how to approach women in the Philippines about having sex for money. The price of the tour included the money paid for sex, and the "tour guides" would make these payments on behalf of the customers.

The defendants were charged with promoting prostitution in the third and fourth degrees. After a grand jury indicted the defendants on these charges, the County Court granted those branches of the defendants' motions which were to dismiss the indictment upon finding that the evidence presented to the grand jury was not legally sufficient to support the charges.

"In the context of a motion to dismiss an indictment, the sufficiency of the People's presentation 'is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (*People v Franklin,* 305 AD3d 613, 613-614 [2003], quoting *People v Galatro,* 84 NY2d 160, 163 [1994]). " 'Legally sufficient' is 'competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof' " (*People v Mayer,* 1 AD3d 461, 463 [2003], quoting *People v Jensen,* 86 NY2d 248, 252 [1995]).

The County Court properly dismissed the first count of the indictment charging the defendants with promoting prostitution in the third degree, as the evidence was not legally sufficient to establish that the defendant managed, supervised, controlled, or owned a prostitution enterprise (*see* Penal Law § 230.25; *People v Davilla,* 110 AD2d 545, 546 [1985]).

However, the evidence was legally sufficient to establish that the defendant knowingly advanced prostitution (*see* Penal Law § 230.20; *People v Land,* 10 AD3d 369 [2004]; *People v Rodriguez,* 104 AD2d 547 [1984]). Therefore, the County Court erred in dismissing the second count of the indictment charging the defendants with promoting prostitution in the fourth degree.

The defendants' remaining contentions are without merit.

Separate motions by the respondents on an appeal from an order of the County Court, Dutchess County, dated January 11, 2006, in effect, to unseal and release to them any and all minutes of the grand jury proceedings conducted in the above-entitled action. By decision and order on motion of this Court dated July 24, 2006, the motions were held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motions, the papers filed in opposition or relation thereto, this Court's in camera review of the grand jury minutes, and the argument of the appeal, it is

Ordered that the motions are denied. Schmidt, J.P., Santucci, Krausman and Rivera, JJ., concur.