In the Matter of ANDREW M. CUOMO, as Attorney General of the State of New York, et al., Petitioners, v GERALD V. HAYES, as Judge of the Dutchess County Court, et al., Respondents. [864 NYS2d 103]—

Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondent Gerald V. Hayes, a Judge of the County Court, Dutchess County, from enforcing an order dated November 28, 2007, in a criminal action entitled *People v Barabash,* pending in the County Court, Dutchess County, under indictment No. 77/2005. Motion by the respondent Norman Barabash to dismiss the indictment.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements; and it is further,

Ordered that the motion is denied.

In 2004, the respondents Norman Barabash and Douglas Allen were indicted for promoting prostitution in the fourth degree (*see* Penal Law § 230.20), arising from their operation of a tourism business in New York that allegedly provided "sex tours" or trips to the Philippines and other countries for the purpose of having sex with prostitutes. In an order dated November 28, 2007, Judge Gerald V. Hayes of the County Court, Dutchess County, granted a request by the respondent Barabash to charge the jury at trial that the People were required to prove that prostitution was illegal in the Philippines.

As a result, the petitioners commenced this CPLR article 78 proceeding in the nature of prohibition against the respondents—Judge Hayes, Barabash, and Allen—seeking, inter alia, to prohibit enforcement of the order dated November 28, 2007. The petitioners argue, among other things, that Judge Hayes exceeded his authority by requiring the People to prove elements of the crime of promoting prostitution in the fourth degree, that were neither intended nor enacted by the Legislature (*see* Penal Law § 230.20; *see People v Barabash,* 35 AD3d 873, 874 [2006]), and that the planned charge would constructively amend the indictment, thereby usurping the power of the grand jury to determine the charges, and change the theory of the prosecution. We determine that prohibition does not lie.

"The extraordinary remedy either of prohibition or mandamus lies only where there is a clear legal right, and in the case of prohibition only when a court . . . acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (*Matter of State of*

*New York v King,* 36 NY2d 59, 62 [1975]; *see Matter of Holtz-man v Goldman,* 71 NY2d 564, 569 [1988]; *Matter of Johnson v Price,* 28 AD3d 79, 81 [2006]; *Matter of Kimyagarova v Spitzer,* 16 AD3d 507 [2005]). "Moreover, prohibition 'will not lie as a means of seeking collateral review of mere trial errors of substantive law or procedure, however egregious the error may be, and however cleverly the error may be characterized by counsel as an excess of jurisdiction or power' " (*Matter of Blumen v McGann,* 18 AD3d 870, 870 [2005], quoting *Matter of Rush v Mordue,* 68 NY2d 348, 353 [1986]; *see Matter of Pirro v Angiolillo,* 89 NY2d 351, 355 [1996]; *Matter of Roberts v County Ct. of Wyoming County,* 34 NY2d 246, 248 [1974]).

Although the distinction between legal errors and actions in excess of power is not always easy to discern, "abuses of power may be identified by their impact upon the entire proceeding as distinguished from an error in a proceeding itself proper" (*Matter of Holtzman v Goldman,* 71 NY2d at 569, citing *Matter of State of New York v King,* 36 NY2d at 64; *see Matter of Steingut v Gold,* 42 NY2d 311, 315 [1977]). Finally, even if prohibition lies and an act in excess of power is perceived, the remedy is not granted as of right but only in the sound discretion of the reviewing court (*see Matter of Rush v Mordue,* 68 NY2d at 354; *Matter of Dondi v Jones,* 40 NY2d 8, 13 [1976]; *La Rocca v Lane,* 37 NY2d 575, 579 [1975]).

On a prior appeal, we rejected the contention raised by the respondents Barabash and Allen that the evidence submitted to the grand jury was insufficient to support an indictment for promoting prostitution in the fourth degree because there was no proof submitted that prostitution was illegal in the Philippines (*see People v Barabash,* 35 AD3d 873 [2006]). Subsequently, Penal Law § 230.25 (promoting prostitution in the third degree) was amended to clarify that "the legality of prostitution" in a "foreign jurisdiction" was irrelevant (Penal Law § 230.25 [1], as amended by L 2007, ch 74, § 1). The Senate's Memorandum in Support of the amendment indicated that the language of Penal Law § 230.20 (promoting prostitution in the fourth degree) already made clear that a "travel business that sells prostitution tours" could be prosecuted for that offense (*see* Senate Mem in Support of L 2007, ch 74, 2007 McKinney's Session Laws of NY, at 1602).

Under the circumstances presented, we decline to exercise our discretion as a writ of prohibition does not lie against the respondent Judge Hayes given that the petitioners are merely seeking collateral review of what they claim is an egregious error of law (*see Matter of Holtzman v Goldman,* 71 NY2d at 569-

570). Their contention that the trial court is acting ultra vires as a result of its legal interpretation of a statute does not justify the invocation of this extraordinary remedy, even if ultimately nonreviewable by way of appeal (*see Matter of State of New York v King,* 36 NY2d at 63; *Matter of Johnson v Price,* 28 AD3d at 81-82).

The respondent Barabash's motion to dismiss the indictment must be denied on the ground that the motion is not properly made before this Court (*see* CPL 210.20).

The petitioners' remaining contentions are without merit. Rivera, J.P., Lifson, Covello and Balkin, JJ., concur.