■ In the Matter of Lesley T., Petitioner, v Matthew J. D'Emic et al., Respondents. [941 NYS2d 282]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the respondent Matthew D'Emic, a Justice of the Supreme Court, Kings County, from enforcing two orders dated October 4, 2011, and October 6, 2011, respectively, in an underlying criminal action against the petitioner pending in the Supreme Court, Kings County.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

In 2006, the petitioner was charged with murder in the second degree and related charges arising from his attack on his roommate with a baseball bat. After he was found unfit for trial by two examining doctors, on December 14, 2006, the Supreme Court issued an order of commitment (see CPL 730.30 [1]; 730.50 [1]), committing him to the custody of the Commissioner of the New York State Office of Mental Health (hereinafter the Commissioner). Since that time, the petitioner has been in the custody of the Commissioner at Kirby Forensic Psychiatric Center (hereinafter Kirby) pursuant to subsequently issued orders of retention (see CPL 730.50 [2]).

In November 2010, the director of Kirby filed an application for a further order of retention pursuant to CPL article 730 (see CPL 730.50 [2]). The Commissioner subsequently moved pursuant to *Jackson v Indiana* (406 US 715 [1972]) to convert the petitioner to civil commitment status, or release him to the community. Thereafter, in April 2011, Mental Hygiene Legal Service (hereinafter MHLS), on behalf of the petitioner, moved to exclude the Kings County District Attorney's Office (hereinafter the District Attorney) from participating in the application and the *Jackson* motion. The District Attorney opposed MHLS's motion, contending, inter alia, that as the People's representative, it is a party to both the application and the *Jackson* motion. By order dated October 4, 2011, the Supreme Court, Kings County, denied MHLS's motion to exclude the District Attorney from participating in the application and the *Jackson* motion. In an order dated October 6, 2011, the Supreme Court, among other things, directed the petitioner to undergo a psychiatric examination by an expert retained by the District Attorney and directed Kirby to provide the petitioner's medical records to the District Attorney for the purpose of a hearing on the application and the *Jackson* motion.

The petitioner commenced this CPLR article 78 proceeding in the nature of prohibition, inter alia, to prohibit the enforcement of the orders dated October 4, 2011, and October 6, 2011. The petitioner argues, among other things, that the Supreme Court acted in excess of its authority by permitting the District Attorney to participate in the application and the *Jackson* motion, and by requiring the disclosure of his medical records and directing him to submit to a psychiatric examination by the District Attorney's expert.

The extraordinary remedy of a writ of prohibition is "available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its

authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Oglesby v McKinney*, 7 NY3d 561, 565 [2006]; *Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]).

Although the distinction between legal errors and actions in excess of power is not always easy to determine, "abuses of power may be identified by their impact upon the entire proceeding as distinguished from an error in a proceeding itself proper" (*Matter of Holtzman v Goldman*, 71 NY2d at 569; *see Matter of State of New York v King*, 36 NY2d 59, 64 [1975]; *Matter of Brown v Blumenfeld*, 89 AD3d 94, 102-103 [2011]; *Matter of Cuomo v Hayes*, 54 AD3d 855, 857 [2008]). Even where there is a clear act in excess of legal powers, prohibition is not granted as of right, but in the sound discretion of the reviewing court (*see Matter of Holtzman v Goldman*, 71 NY2d at 569; *Matter of Rush v Mordue*, 68 NY2d at 354).

Here, the petitioner is, in effect, contending that the Supreme Court acted in excess of its authority due to an allegedly improper legal interpretation of CPL 730.50 (2). Under these circumstances, a writ of prohibition does not lie against the Supreme Court, as the "contention that the trial court is acting ultra vires as a result of its legal interpretation of a statute does not justify the invocation of this extraordinary remedy, even if ultimately nonreviewable by way of appeal" (*see Matter of Cuomo v Hayes*, 54 AD3d 855, 857-858 [2008]).

The petitioner's remaining contentions are without merit.

Accordingly, the petition should be denied and the proceeding should be dismissed. Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.