■ In the Matter of MICHAEL F. GETMAN, as Oneonta City Prosecutor, Respondent, v LUCY P. BERNIER, as Judge of the City Court of the City of Oneonta, Respondent, and STEPHANIE M. TOOKER, Appellant. [988 NYS2d 506]—

---

Peters, P.J. Appeal from a judgment of the Supreme Court (Burns, J.), entered October 29, 2013 in Otsego County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondent City Court Judge of the City of Oneonta from enforcing an order that required a competency hearing to be held.

Respondent Stephanie M. Tooker was arrested after allegedly assaulting Maria Golfo in the City of Oneonta, Otsego County. Prior to the commencement of a jury trial, Tooker moved pursuant to CPL 60.20 (1) for an order granting a hearing to determine whether Golfo was competent to testify as to the alleged assault in light of her level of intoxication on the night of the incident. Respondent City Court Judge of the City of Oneonta (hereinafter respondent) granted Tooker's motion. Petitioner, the Oneonta City Prosecutor, thereafter commenced this CPLR article 78 proceeding seeking a writ of prohibition enjoining respondent from holding a competency hearing. Supreme Court granted the petition and vacated respondent's order, prompting this appeal by Tooker.

We reverse. The extraordinary remedy of prohibition lies "only when a court . . . acts or threatens to act without jurisdiction in a matter . . . over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (*Matter of State of New York v King*, 36 NY2d 59, 62 [1975]; *see Matter of Soares v Herrick*, 20 NY3d 139, 145 [2012]; *Matter of Oglesby v McKinney*, 7 NY3d 561, 565 [2006]). Such an excess of power, particularly in the context of a pending criminal proceeding, must "implicate the legality of the entire proceeding" (*Matter of Rush v Mordue*, 68 NY2d 348, 353 [1986]; *see Matter of Patel v Breslin*, 45 AD3d 1240, 1241 [2007], *lv denied* 10 NY3d 704 [2008]), "as distinguished from an error in a proceeding itself" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of State of New York v King*, 36 NY2d at 62; *Matter of Heckstall v McGrath*, 15 AD3d 824, 825 [2005]).

Here, petitioner argued—and Supreme Court agreed—that respondent acted in excess of her authority in ordering a competency hearing because a witness' level of intoxication at the time of the incident in question and its effect on his or her ability to recall the events has no bearing on whether such witness is competent to testify at trial. It is manifest, however, that a trial court has the authority to make a preliminary inquiry as to a witness' competency to testify at trial (*see* CPL 60.20 [1]; *People v Scott*, 86 NY2d 864, 865 [1995]; *People v Parks*, 41

NY2d 36, 46-47 [1976]; *People v Rensing*, 14 NY2d 210, 213 [1964]; *People v Miller*, 295 AD2d 746, 747 [2002]; *People v Johnston*, 186 AD2d 822, 822 [1992], *lv denied* 81 NY2d 790 [1993]; *People v Hickey*, 133 AD2d 421, 422 [1987]). As such, any error in respondent's decision to hold a competency hearing would, at most, amount to a mere substantive error of law that does not justify the invocation of this extraordinary remedy. "[P]rohibition will not lie as a means of seeking collateral review of mere trial errors of substantive law or procedure, however egregious the error may be, and however cleverly the error may be characterized by counsel as an excess of jurisdiction or power" (*Matter of Rush v Mordue*, 68 NY2d at 353; *see Matter of Pirro v Angiolillo*, 89 NY2d 351, 355 [1996]; *Matter of State of New York v King*, 36 NY2d at 62; *Matter of Lesley T. v D'Emic*, 94 AD3d 768, 770 [2012]; *Matter of Cuomo v Hayes*, 54 AD3d 855, 857-858 [2008]). The parties' remaining contentions are academic.

Lahtinen, Garry, Rose and Devine, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.