Matter of Davis v Nichols (2019 NY Slip Op 04794)





Matter of Davis v Nichols


2019 NY Slip Op 04794


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

526093

[*1]In the Matter of JASON DAVIS, Petitioner,
v
JONATHAN D. NICHOLS, as Columbia County Judge, Respondent, and PAUL CZJAKA, as District Attorney of Columbia County, Respondent.

Calendar Date: April 24, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Dominic Cornelius, Public Defender, Hudson (Michael Howard of counsel), for petitioner.
Paul Czajka, District Attorney, Hudson (James Carlucci of counsel), for Paul Czjaka, respondent.



MEMORANDUM AND JUDGMENT
Rumsey, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, among other things, compel respondent Columbia County Judge to hold a hearing to determine whether the prosecution of petitioner was barred by a prior prosecution.
In November 2016, a warrant was issued to search the home of petitioner and his former codefendant. Upon execution of the search warrant, the City of Hudson Police Department recovered various electronic devices and two digital storage cards that contained images and videos of petitioner and a juvenile female performing sex acts. Petitioner and the codefendant were charged by indictment No. 16-034 (hereinafter indictment No. 1) with one count of possessing a sexual performance by a child, in violation of Penal Law § 263.16. Petitioner pleaded guilty to the indictment and County Court (Nichols, J.) sentenced him to 2 to 4 years in prison. Thereafter, in April 2017, petitioner was charged by indictment No. 16-034 (2) (hereinafter indictment No. 2) with 14 more counts of possessing a sexual performance by a child, as well as 15 counts of promoting a sexual performance by a child, in violation of Penal Law § 263.15. In September 2017, County Court granted petitioner's motion to dismiss indictment No. 2 on the basis that it was barred by CPL 40.40 due to his plea of guilty to indictment No. 1.
In August 2017, petitioner was charged by indictment No. 17-041 (hereinafter indictment No. 3) with course of sexual conduct against a child in the first degree in violation of Penal Law § 130.75. In September 2017, petitioner moved to dismiss indictment No. 3 on the basis that CPL 40.40 (2) barred prosecution of this previously uncharged crime following his [*2]plea of guilty to indictment No. 1 because the People had legally sufficient evidence to support a conviction of the crime charged in indictment No. 3 when they obtained indictment No. 1 in November 2016. In opposition, the People asserted that they did not obtain legally sufficient evidence to support a conviction for course of sexual conduct against a child in the first degree until August 2017. County Court concluded that it was unable to determine whether the People possessed legally sufficient evidence to obtain a conviction for the crime charged in indictment No. 3 when petitioner pleaded guilty to the crime charged in indictment No. 1, but nonetheless denied, without prejudice, petitioner's motion to dismiss indictment No. 3 without a hearing.
Thereafter, petitioner commenced the instant CPLR article 78 proceeding in this Court pursuant to CPLR 506 (b) (1) seeking a writ of mandamus directing respondent Columbia County Judge to hold a hearing to determine whether the prosecution of indictment No. 3 is barred by a previous prosecution or, in the alternative, seeking a writ of prohibition barring respondent Columbia County District Attorney from prosecuting indictment No. 3 pursuant to CPL 40.40.
The District Attorney contends that petitioner may not obtain collateral review of County Court's denial of his motion through a CPLR article 78 proceeding. We agree. "Neither [of the extraordinary remedies of] prohibition nor mandamus lies as a means to obtain collateral review of an alleged error of law particularly where, as here, there is an adequate remedy at law by way of a direct appeal" (Matter of Alomari v Pietruszka, 298 AD2d 949, 949-950 [2002] [citations omitted], appeal dismissed and lv denied 99 NY2d 566 [2003]). Any error in County Court's decision denying petitioner's motion to dismiss indictment No. 3 without a hearing is, at most, a mere error of law that does not justify the invocation of the extraordinary remedies sought (see Matter of Getman v Bernier, 119 AD3d 1059, 1061 [2014]). Accordingly, the petition must be dismissed (see Matter of Pollak v Mogavero, 115 AD2d 848, 849 [1985], lv denied 67 NY2d 604 [1986]).
Lynch, J.P., Mulvey, Devine and Aarons, JJ., concur.
ADJUDGED that the petition is dismissed, without costs.