Matter of Heggen v Sise (2019 NY Slip Op 05620)





Matter of Heggen v Sise


2019 NY Slip Op 05620


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

528189

[*1]In the Matter of KAREN A. HEGGEN, as District Attorney of Saratoga County, Petitioner,
v
RICHARD E. SISE, as Supreme Court Justice, et al., Respondents, and ALBERT B. MERCER, Respondent.

Calendar Date: June 7, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Rumsey, JJ.


Karen A. Heggen, District Attorney, Ballston Spa (Alan M. Poremba of counsel), for petitioner.
Theresa M. Suozzi, Saratoga Springs, for Albert B. Mercer, respondent.



MEMORANDUM AND JUDGMENT
Devine, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent Supreme Court Justice from enforcing a decision precluding petitioner from calling a witness to testify at trial.
Respondent Albert B. Mercer is being prosecuted by petitioner on charges related to his stabbing a man to death and tampering with evidence at the crime scene. Mercer called an attorney, respondent James G. Doyle, in the immediate aftermath of the stabbing, and the two met at the scene to discuss Mercer's legal predicament. A few weeks before Mercer's trial was to start, petitioner moved in limine for permission to call Doyle to testify about his observations of the crime scene and Mercer's statement that he had cleaned up blood there. Mercer moved to preclude that testimony through respondent Andrew DeLuca, his trial attorney. Respondent Supreme Court Justice (hereinafter respondent) ruled that Doyle's observations were protected by the attorney-client privilege and that a hearing was required to determine whether Mercer's statement was intended to be confidential so as to implicate the privilege. Petitioner thereafter commenced this CPLR article 78 proceeding seeking a writ of prohibition.[FN1]
As an initial matter, Mercer was convicted by a jury of various charges related to the stabbing during the pendency of this proceeding. An adjudication as to whether evidence can be presented at an already-concluded trial will have no "immediate and practical consequences to the parties" and, as a result, this proceeding is moot (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see Matter of Ellis v Cawley, 154 AD3d 1225, 1225-1226 [2017], appeal dismissed 30 NY3d 1087 [2018]). Insofar as the issue is a substantial and novel one, will recur if Mercer successfully challenges his conviction and secures a new trial, and cannot be reviewed on a direct appeal by petitioner, we find that this case falls within the exception to the mootness doctrine (see Matter of Schermerhorn v Becker, 64 AD3d 843, 845 [2009]; see also CPL 450.20; compare People v Felli, 172 AD3d 1652, 1654 [2019]).
Prohibition is an extraordinary remedy and, in cases involving the exercise of judicial authority, "is available only where there is a clear legal right, and then only when a court . . . acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]; see Matter of Soares v Herrick, 20 NY3d 139, 145 [2012]; Matter of Getman v Bernier, 119 AD3d 1059, 1060 [2014]). Respondent had jurisdiction over the criminal action against Mercer (see Matter of Jacobs v Altman, 69 NY2d 733, 735 [1987]; Matter of Brown v Blumenfeld, 103 AD3d 45, 55 [2012]) and was empowered to preclude Doyle from testifying about matters protected by the attorney-client privilege (see People v Osorio, 75 NY2d 80, 84-85 [1989]; People v Harris, 57 NY2d 335, 343 [1982], cert denied 460 US 1047 [1983]). Petitioner's core complaint is that respondent erred in determining the scope of that privilege, and she may be correct (see e.g. People v Kinder, 126 AD2d 60, 63 [1987], lv denied 70 NY2d 649 [1987]). Nevertheless, "prohibition will not lie as a means of seeking collateral review of mere trial errors of substantive law or procedure, however egregious the error may be, and however cleverly the error may be characterized by counsel as an excess of jurisdiction or power" (Matter of Rush v Mordue, 68 NY2d 348, 353 [1986]; see Matter of Holtzman v Goldman, 71 NY2d at 569; La Rocca v Lane, 37 NY2d 575, 579 [1975], cert denied 424 US 968 [1976]). To allow review of such matters would have an array of negative impacts, encouraging gamesmanship, "erect[ing] an additional avenue of judicial scrutiny in a collateral proceeding and . . . frustrat[ing] the statutory or even constitutional limits on review" (La Rocca v Lane, 37 NY2d at 579; see Matter of State of New York v King, 36 NY2d 59, 63-65 [1975]). Thus, inasmuch as petitioner does not point to "an unlawful use or abuse of the entire action or proceeding," but rather "an unlawful procedure or error in the action or proceeding itself related to the proper purpose of the action or proceeding," prohibition will not lie (Matter of State of New York v King, 36 NY2d at 64; see Matter of Oglesby v McKinney, 7 NY3d 561, 565 [2006]; Matter of Getman v Bernier, 119 AD3d at 1060-1061; Matter of Brown v Blumenfeld, 89 AD3d 94, 103-104 [2011]).
Egan Jr., J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the petition is dismissed, without costs.



Footnotes

Footnote 1: Petitioner also raises the possibility of relief in the nature of certiorari, but a CPLR "article 78 proceeding in the nature of certiorari or mandamus cannot be used to review a determination of a criminal tribunal" (Matter of Hahnl [Catherwood], 15 AD2d 985, 985-986 [1962]; see CPLR 7801 [2]; Matter of Hennessy v Gorman, 58 NY2d 806, 807 [1983]; Matter of State of New York v King, 36 NY2d 59, 62-63 [1975]; Matter of Rodriguez v LaValley, 112 AD3d 1244, 1244 [2013], appeal dismissed 23 NY3d 933 [2014]).