Matter of Peterec-Tolino v Schick (2025 NY Slip Op 01271)

Matter of Peterec-Tolino v Schick

2025 NY Slip Op 01271

Decided on March 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 6, 2025

CV-24-0030
[*1]In the Matter of John Peterec-Tolino et al., Petitioners,
v
Stephan G. Schick, Respondent, and Chester R. Smith et al., Respondents.

Calendar Date:January 8, 2025

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

John Peterec-Tolino and Sherri Peterec, Rock Hill, petitioners pro se.
Kaufman Dolowich LLP, Woodbury (Aaron Solomon of counsel), for Chester R. Smith and others, respondents.

Fisher, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent Stephan G. Schick from presiding over any future proceedings involving the underlying civil case brought by petitioners.
Petitioners are the owners of a residential property that has their water service administered by respondent Emerald Green Property Owners Association (hereinafter the Association). In 2019, the Public Service Commission (hereinafter PSC) authorized the request of the water company serving the Association to convert its billing practices from a residential unmetered service to a metered service. As a result, the Association began installing water meters to serve property owners, including in the residence of petitioners. However, following a series of attempts and subsequent conversations relating to placement of the meter, adequacy of the existing plumbing and access thereto, a water meter was not installed on petitioners' premises — and petitioners eventually prohibited all access to their home. In connection with the authorization from the PSC, the Association advised petitioners that it would disconnect petitioners' water service if the water meter could not be installed by a certain date. Thereafter, petitioners filed a regulatory complaint with the PSC, which ultimately found no violations had been committed.
In November 2022, petitioners, in a self-represented capacity, commenced a civil action against the Association, respondent Chester R. Smith and respondent Michael Hoyt (hereinafter collectively referred to as respondents), in their individual capacities and as agents of the water company, asserting various causes of action, including for intentional infliction of emotional distress, negligent infliction of emotional distress, coercion and fraud.[FN1] Following a preliminary conference, the Association moved to dismiss the amended complaint, which was opposed by petitioners. Supreme Court (Schick, J.) granted respondents' motion and dismissed the amended complaint. Petitioners then moved to reargue, which was denied by Supreme Court. Petitioners filed a separate notice of appeal for each order and, still self-represented, commenced the instant CPLR article 78 proceeding in this Court pursuant to CPLR 506 (b) (1) seeking a writ of prohibition against respondent Stephan G. Schick, barring him from presiding over the civil case in the event that this Court remits the matter through either pending appeal. Respondents joined issue via answer opposing the relief sought by petitioners.[FN2]
We conclude that the petition must be dismissed. Relief in the form of "[a] writ of prohibition is an extraordinary remedy and, in cases involving the exercise of judicial authority, is available only where there is a clear legal right, and then only when a court acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Canning v Revoir, 220 AD3d 16, 19 [3d Dept 2023] [internal quotation [*2]marks and citations omitted]). Critically, this extraordinary remedy cannot be used "as a means to obtain collateral review of an alleged error of law, particularly where, as here, there is an adequate remedy at law by way of a direct appeal" (Matter of Davis v Nichols, 173 AD3d 1385, 1387 [3d Dept 2019] [internal quotation marks and citations omitted]), including where a claim is characterized by a party as an excess of jurisdiction or relates to an alleged bias or prejudice of the trial judge (see Matter of Heggen v Sise, 174 AD3d 1115, 1116 [3d Dept 2019]; Matter of Konigsberg v Scheinman, 87 AD2d 703, 703 [3d Dept 1982], appeal dismissed 56 NY2d 1031 [1982]). The determination of whether to issue a writ of prohibition is committed to the sound discretion of the reviewing court and is premised on several factors, one of which is whether the alleged harm could be adequately corrected on appeal (see Matter of Clegg v Rounds, 222 AD3d 112, 117-118 [3d Dept 2023]; Matter of Canning v Revoir, 220 AD3d at 19; Matter of Hussain v Lynch, 215 AD3d 121, 128 [3d Dept 2023]).
Here, contrary to petitioners' contentions, Schick was within his jurisdiction and authorized powers to consider the prior determinations of the PSC when evaluating the merits of respondents' motion to dismiss based on the documentary evidence. Any error in doing so would, at most, be a mere error of law that can be adequately considered and cured by way of a direct appeal without interfering with normal trial and appellate procedures, and, therefore, does not justify the extraordinary remedy of a writ of prohibition (see Matter of Klein v New York State Joint Commn. on Pub. Ethics, 214 AD3d 1096, 1098 [3d Dept 2023]; Matter of Heggen v Sise, 174 AD3d at 1116; Matter of Getman v Bernier, 119 AD3d 1059, 1060-1061 [3d Dept 2014]). To the further extent that petitioners, relying on excerpts from the preliminary conference, allege bias and prejudice on the part of Schick that is outside of the purview of Judiciary Law § 14, a writ of prohibition is not a proper vehicle to raise such challenge — which is also, upon a proper application to Schick as the sole arbiter of recusal, reviewable on direct appeal (see Matter of Brown v Doyle, 167 AD2d 979, 980 [4th Dept 1990]; Matter of Konigsberg v Scheinman, 87 AD2d at 703; see generally Minckler v D'Ella, Inc., 223 AD3d 980, 981 [3d Dept 2024]). We have examined the parties' remaining contentions and have found them to be without merit or rendered academic.
Clark, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the petition is dismissed, without costs.

Footnotes

Footnote 1: Petitioners amended their complaint to assert additional causes of action.

Footnote 2: Based on correspondence from his counsel, Schick has elected not to appear in this proceeding (see CPLR 7804 [i]).